ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:24-cv-00232-NRN

**ADRIAN CONEJO, CHRISTOPHER ASHMORE, JASON MACK, MIGUEL ACOSTA, JEFFREY MARTIN,** and **DAVID KELSCH-HAGHIRI,**
in their individual capacities and on behalf of others similarly situated,

    **Plaintiffs,**

v.

**NICHOLAS ("NIC") MALWITZ,** an individual, and **GALAXY STEEL, LLC,**

    **Defendants.**

## AMENDED COMPLAINT

COME NOW the Plaintiffs and, pursuant to Fed. R. Civ. Proc. 15(a)(1)(A) amend their Complaint once as a matter of course before being served with a responsive pleading. This Complaint shall supersede and replace all foregoing Complaints filed in this action to date.

### INTRODUCTION

1. Plaintiffs Adrian Conejo, Chris Ashmore, Jason Mack, Jeffrey Martin, Miguel Acosta and David Kelsch-Haghiri ("Plaintiffs") and others similarly situated worked as construction workers for Defendant Nic Malwitz's metal fabrication and construction company, Steel Huggers LLC, and were totally unpaid for significant periods of time. The company filed for bankruptcy, and therefore would be subject to a stay of proceedings in this Court. The debtor does not deny underpayment and/or nonpayment of employees, due to financial difficulties; in fact, it has admitted to owing more than $200,000 for unpaid wages as priority claims in the bankruptcy proceedings. Defendant Malwitz, who is the sole member

of the LLC and was a "joint employer" of Plaintiffs and others similarly situated as defined by the wage laws at issue, has not filed for bankruptcy. Defendant Galaxy Steel LLC is an entity held under Defendant Malwitz's son's name that was created shortly after Steel Huggers LLC converted its bankruptcy case from Chapter 11 reorganization to Chapter 7 liquidation status, and shortly after that entity had moved all of its physical assets over to Defendant Malwitz's personal residence address that has steel fabrication capabilities. Toward that end Plaintiffs bring this action against Mr. Malwitz, and also against successor entity Galaxy Steel LLC, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq.* and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA"). They also bring conversion claims based on these egregious wage underpayments, pursuant to state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendant resides in Colorado and the company and its operations were based in Colorado.

## PARTIES

### Defendant Nicholas ("Nic") Malwitz

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 2

5. Defendant Nicholas ("Nic") Malwitz, an individual, is a resident of the State of Colorado. His residence address is 14309 N 83rd St, Longmont, CO, Boulder County.

6. Defendant Malwitz is the sole member of Steel Huggers LLC.

7. At all times material to this action, Defendant Malwitz actively participated in the business of Steel Huggers.

8. When the company fell upon difficult financial times in early 2023, Defendant Malwitz was the individual who had the authority to, and in fact did, make decisions in regard to which creditors to pay, how to manage cashflow, which employees to pay or not pay.

9. As a matter of "economic reality," Defendant Malwitz was an "employer" of the Plaintiffs and others similarly situated.

10. At all times material to this action, Defendant Malwitz exercised substantial control over the functions of the company's employees including Plaintiffs. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

11. At all times material to this action, Defendant Malwitz was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

**DEFENDANT GALAXY STEEL LLC**

12. Defendant **Galaxy Steel LLC** is a limited liability company doing business within Boulder County and whose principal place of business is located at 14309 N 83rd St, Longmont, CO, Boulder County. Its registered agent is listed with the Colorado Department of State as Dallas Lackovic at the same address.

13. Dallas Lackovic is the son of Defendant Nic Malwitz.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 3

14. Defendant Nic Malwitz's wife or partner is Nicole Lackovic. Dallas Lackovic is the son of Nicole Lackovic.

15. Nic Malwitz, Nicole Lackovic, and Dallas Lackovic all reside at 14309 N 83rd St, Longmont, CO,

16. In around late December, 2023, Steel Huggers LLC moved away from the facility it had been renting located at 1460 Vista View Dr, Longmont, CO and moved its operations and materials to 14309 N 83rd St, Longmont, CO.

17. Defendant Malwitz indicated during bankruptcy proceedings, when Steel Huggers was still attempting to reorganize and continue operations, that at his residence address there is a facility and storage area that can be used for steel fabrication operations.

18. On January 23, 2024, the Galaxy Steel LLC entity was created.

19. Galaxy Steel is effectively continuing the operations of Steel Huggers.

20. Galaxy Steel's agents were on notice that Steel Huggers had not paid its employees all the wages they were owed.

21. Galaxy Steel bears liability for the underpaid wages of Steel huggers because the continuation effectively amounts to a consolidation or merger between Galaxy Steel and Steel Huggers, because Galaxy Steel is merely a continuation of Steel Huggers, and/or because Galaxy Steel taking over operations was designed to fraudulently escape liability for known debts to Steel Huggers employees.

22. At all relevant times, Steel Huggers LLC had annual gross revenues in excess of $500,000. Its agents expressly admitted as much in documents filed in bankruptcy court and orally during proceedings.

23. At all relevant times, Steel Huggers was, and now Galaxy Steel is, engaged in interstate

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 4

commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

24. At all times material to this action, Steel Huggers was subject to the FLSA and was an "employer" of the Plaintiffs and others similarly situated, as defined by § 203(b) of the FLSA.

25. Now, the liabilities of Steel Huggers fall, jointly and severally with Defendant Malwitz, to Galaxy Steel, as a successor entity.

**Plaintiffs**

26. Plaintiff Adrian Conejo, Jeffrey Martin, Miguel Acosta, and David Kelsch-Haghiri are all residents of the state of Colorado.

27. Plaintiff Christopher Ashmore and Plaintiff Jason Mack are both currently residents of the state of Tennessee.

28. Plaintiff Conejo worked for Steel Huggers from October 10, 2022, to August 11, 2023.

29. Plaintiff Ashmore worked for Steel Huggers from April 28, 2021, to August 20, 2023.

30. Plaintiff Martin worked for Steel Huggers from January 25, 2016, to December 26, 2023.

31. Plaintiff Acosta has been working for Steel Huggers since August 1, 2018, or thereabouts.

32. Plaintiff Mack worked for Steel Huggers from June 1, 2022, or thereabouts, to January 9, 2024.

33. Plaintiff Kelsch-Haghiri worked for Steel Huggers from December 12, 2022 to December 8, 2023, or thereabouts.

34. At all times material to this action, Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 5

35. In 2023 Plaintiffs started having problems with their pay. At first their paychecks would bounce and then later on they weren't issued at all.

36. Plaintiffs regularly worked in excess of 40 hours a week. For example, Plaintiff Conejo typically started work at 6:00 AM and stopped work at 7:00 PM, 6 days per week, and typically worked with a work crew of around 8 individuals who worked similar hours alongside him, including Plaintiff Ashmore.

**FLSA Collective Plaintiffs**

37. Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of all non-owner employees employed by Defendant on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

38. Plaintiffs foresee others in the same situation to join the collective, *i.e.* those to whom not even the minimum wage, much less overtime, was paid to them for their work performed.

39. Defendant has underpaid many employees, who have been subject to common or substantially similar wage payment policies and procedures.

40. The FLSA Collective Plaintiffs are similarly situated, in that they have been subject to common pay practices and decisions on the part of the Defendant. The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

41. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the FLSA Collective Plaintiffs via means such as first class mail and email.

**Rule 23 Class**

42. The Named Plaintiffs bring the Second and Third Claims for Relief as a Class Action

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 6

pursuant to Fed. R. Civ. Proc. 23, on behalf of all non-owner employees employed by Defendant on or after the date six years before the filing of the instant Complaint within the state of Colorado (the "Class Plaintiffs").

43. The number of, and identities of, the individuals comprising the Colorado Class are, or should be, readily ascertainable from Defendant's records. Notice can be provided to the Colorado Class Plaintiffs via means permissible under FRCP 23, correlative case law, and appropriate judicial guidance.

44. The precise number of persons is unknown, as such information is in the custody and control of the Defendant. However, it is known that in early 2023 the company employed about 90 workers and by the first part of 2024 were down to a workforce of only about 25 individuals. Therefore, there are easily more than fifty (50) individuals at issue in the proposed Class.

45. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

46. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed Colorado Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendant as alleged herein. There was nothing special about the Named Plaintiffs that caused them to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendant benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiffs in the same way. Though the exact amounts may differ, Plaintiffs and other Class members

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 7

incurred similar losses, injuries, and damages arising from Defendant's pay practices.

47. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Further, Plaintiffs are represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  In wage and hour litigation involving low wage workers in particular, the individual Class members more often than not lack the financial, language, time, and other resources to vigorously prosecute a lawsuit against Defendants having a superior bargaining position.  A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf. Though important and significant to Class members individually, the damages suffered by each of the individual Class members are relatively small relative to the costs associated with litigation; pooling them together therefore serves the end of efficiency.

49. In addition, important public interests will be served by treating this claim as a class action.  Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendant for those who were improperly paid but for whom no damages are assessed.

50. Further, many current and even former employees are likely to fear asserting claims on their own.  They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact the Colorado requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and unequal bargaining power. Class actions allow these unnamed workers to rest in their

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 8

anonymity while seeing their rights vindicated.

51. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether and to what extent employees have been paid less than the wages that they had earned;

   b. Whether and to what extent employees have been paid less than the minimum wage for hours worked;

   c. Whether and to what extent employees have been unpaid or underpaid for overtime hours worked;

   d. What Defendant's pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   e. Whether Defendant's conduct was willful; and

   f. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

52. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

**Failure To Pay Minimum Wage**

53. Defendant failed to pay Plaintiffs and other similarly situated employees at or above the minimum wage for all hours worked, in violation of the FLSA.

**Failure To Pay Time Overtime Properly**

54. Defendant failed to compensate Plaintiffs and others similarly situated employees at a rate of one- and one-half times their normal hourly rate(s) for all hours over 40 worked in a

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 9

workweek, in violation of the FLSA.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

55. Defendant had no good faith basis for believing that his pay practices as alleged above were in compliance with the law.

56. At all relevant times, Defendant knew of the FLSA's requirements regarding minimum wage and overtime. In failing to pay Plaintiffs and other similarly situated employees in the manner in which he did, Defendant knowingly violated the mandates of the FLSA.

57. In fact, despite knowing that he was unable to pay Plaintiffs and others similarly situated, Defendant continued to employ them and rely on their work in order to continue operations of the Steel Huggers business.

58. Further, when Plaintiff Conejo stopped working for Steel Huggers and Defendant due to not getting paid, and requested his owed back pay, Defendant attempted to claim that less was owed for wages than claimed, *de facto* made unlawful deductions based on those unfounded claims, and refused to pay him what he was owed supposedly on that basis.

59. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

60. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

61. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

62. The Defendant was the "employer" of Plaintiffs and others similarly situated as that term

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 10

is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

63. Plaintiffs were Defendant's "employees" as that term is defined by the COMPS because they performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

### *Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101 *et seq*.; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

64. The Defendant failed to pay Plaintiffs and others similarly situated at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

65. Specifically, Defendant wholly failed to pay Plaintiffs and others similarly situated during certain periods of their employment.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

66. Plaintiffs and others similarly situated have worked more than 40 hours at least some workweeks.

67. Defendant did not pay the Plaintiffs and others similarly situated overtime for hours worked over 40 in each workweek.

68. As a result, Plaintiffs and others similarly situated have suffered lost wages and lost use of those wages in an amount to be determined at trial.

69. Plaintiffs and others similarly situated are entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

70. Defendant violated the CWA as implemented by the COMPS, when he failed to pay the Plaintiffs and others similarly situated overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

71. For any and all time worked by all Plaintiffs and others similarly situated, or to be credited

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 11

to all of them during a workweek, Plaintiffs are entitled to pay at their regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

**Failure to Pay Wages When Due**
**(Violation of the C.R.S. § 8-6-103)**

72. The Defendant failed to pay Plaintiffs and others similarly situated all their earned wages when due.

**Failure to Pay All Earned Wages**
**(Violation of the C.R.S. § 8-6-109)**

73. Plaintiffs, and at least some similarly situated, have been separated from employment with Defendant.

74. Defendant failed to pay Plaintiffs and others similarly situated all their wages and compensation earned during their employment.

**Improper Deductions**
**(Violation of the C.R.S. § 8-4-105)**

75. The Defendant made deductions from Plaintiffs' wages other than those authorized under C.R.S. § 8-4-105, 7 C.C.R. 1103-1 (9).

76. For example, Defendant deducted $2,000.00 from Plaintiff Conejo's final paycheck allegedly for a fine.

**Failure to Pay Wages In Response to Wage Demand**
**(Violation of the C.R.S. § 8-6-109)**

77. Plaintiff Conejo, through counsel, filed a written Proof of Claim regarding unpaid wages on behalf of himself and others similarly dated November 21, 2023. Each of the other Plaintiffs also filed Proofs of Claim in the bankruptcy case.

78. Various employees have made claims in writing, including by email, text, and/or letter, regarding their unpaid wages.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 12

79. Defendant has not tendered any payment in response to these demands.

80. Defendant owes Plaintiffs and others similarly situated statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

***Damages***

81. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**CONVERSION/ THEFT OF SERVICES**

82. Plaintiffs reallege and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

83. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

84. By failing to pay the Plaintiffs and others similarly situated all of their wages or compensation, Defendant has committed theft of services.

85. Pursuant to CRS § 18-4-405, Defendant is liable to the Plaintiffs and others similarly situated for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A)  Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B)  Certify Counts II and III as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C)  Award Plaintiffs and others similarly situated unpaid and underpaid wages due under the FLSA and the CWCA; and

(D)  Award Plaintiffs and others similarly situated liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E)  Award Plaintiffs and others similarly situated statutory damages as provided for the CWCA; and

(F)  Award Plaintiffs a service award for their role as "Named Plaintiff;" and

(G)  Award Plaintiffs and others similarly situated interest; and

(H)  Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(I)  Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **7th** day of **February 2024.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 14

CO Bar Reg No. 54677
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

Attorneys for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-NRN

Amended Complaint
Page 15