UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:24-cv-00232-CNS-NRN

ADRIAN CONEJO, CHRISTOPHER ASHMORE, JASON MACK,
MIGUEL ACOSTA, JEFFREY MARTIN, DAVID KELSCH-HAGHIRI,
REBECCA HAMPTON, RACHEL CALDWELL, ALFONSO BARAJAS,
ANGEL LOUGH, COLE TIMIAN, MARQUIVAS AVEREY CRAWFORD,
CODY PITTSER, AND DANIEL GARZA,
in their individual capacities and on behalf of others similarly situated,

                Plaintiffs,

v.

NICHOLAS ("NIC") MALWITZ, an individual,

                Defendant.

---

**MOTION FOR DEFAULT JUDGMENT**

---

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

COME NOW the Plaintiffs, by and through counsel, and hereby move the Court to enter Default Judgment against Defendant pursuant to Fed. R. Civ. Proc. 55 and L.R. 55.1.

## I. INTRODUCTION

Plaintiffs and others similarly situated worked in various roles for Defendant Nic Malwitz's metal fabrication and construction company, Steel Huggers LLC, for varying lengths of time and in varying capacities. They were entirely unpaid for significant periods of time during their employment, mostly in late 2023, when the company was facing financial troubles. The company filed for bankruptcy and therefore would be subject to a stay of proceedings in this Court. The debtor admitted to owing unpaid wages in the bankruptcy proceedings. Defendant Malwitz, whom Plaintiffs allege to be an additional "employer" as described below, has not filed for bankruptcy. Plaintiffs therefore brought this action against Mr. Malwitz to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ( "FLSA"), the C.R.S. §8-4-101, *et seq*., and C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWA"). They also brought theft claims based on the egregious wage underpayments pursuant to state law.

## II. PRELIMINARY MATTERS

### A. STANDARD OF REVIEW

"Default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Before granting a motion for default judgment, the Court must first ensure that it has personal jurisdiction over the defaulting defendants and subject matter jurisdiction over the action. *See Williams v. Life Sav. and Loan*, 802 F. 2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact, which are deemed admitted by a defendant in default, support a judgment on the claims against the defaulting defendants. *See Fed. Fruit and Produce Co. v. Red Tomato, Inc*., 2009 WL 765872, at *3 (D. Colo. March 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.") (Citations omitted). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id*. (citing *Dundee Cement Co. v. Howard Pipe and Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

### B.  NO HEARING IS NECESSARY

As relevant here, Fed. R. Civ. Proc. 55(b)(2) says that "The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: determine the amount of damages." To determine the number of damages that should be awarded on a default judgment, Rule 55(b)(2) "allows the district court to conduct a hearing if it believes that additional investigation or evidence is necessary." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 2

1172 (10th Cir. 2011)

While recognizing district courts may hold hearings to establish damages in default contexts, doing so is not required. In this case, Plaintiffs ask that the Court in its discretion decide not to do so. The damages alleged are computable from the documentary evidence provided herewith. Plaintiffs have attested to the relevant bases for calculation such as hours worked, pay received, and duration of employment in the attached exhibits. Beyond this, the damages calculations become a matter of the application of legal principles and math. To the extent that the Court believes oral argument would be beneficial, counsel requests that the Plaintiffs themselves be excused from attending.

### C. JURISDICTION

This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA. Dkt. 38, Second Amended Complaint at ¶ 2. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367. Dkt. 38, at ¶ 3. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq,* as Defendant resides in Colorado and the relevant work all occurred in Colorado. Dkt. 38, at ¶ 4.

### III. PROCEDURAL HISTORY

Steel Huggers, LLC filed for bankruptcy, initially as Chapter 11, on November 15, 2023, Case No. cob-1:2023-bk-15295 (D. Colo.). [Ex. 20, BK Dkt.]. On January 24, 2024, it was converted to Chapter 7. *Id*. Amongst its bankruptcy filings, it listed 73 individuals with priority claims for unpaid wages, totaling $230,844.94. [Ex. 24, BK Dkt. 149 pp. 1-19; Ex. 2, summary spreadsheet]. During the Creditors' Meeting, Defendant Malwitz admitted that the amounts listed in the bankruptcy filings for the unpaid wages were not

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 3

accurate but were, in essence, the company's best estimate at the time. [Ex. 23, transcript at pp. 14-15]. These numbers have not subsequently been amended. [Ex. 20, BK Dkt.]

On January 25, 2024, Plaintiffs filed this action against Nicholas ("Nic") Malwitz, *inter alia* [Dkt. 1]. Defendant was served with the initial Summons and Complaint on March 7, 2024. [Dkt. 9]. On November 9, 2024, Plaintiffs filed a Second Amended Complaint. [Ex. 3, Dkt. 38, SAC]. On December 8, 2024, a process server personally served the Second Amended Complaint on Defendant by handing it to him outside his residence and usual place of abode at 14309 N 83rd Street, Longmont, CO 80503. [Ex. 4, Dkt. 39, POS]. Neither he nor any attorney acting on his behalf has appeared on behalf of Defendant Malwitz or filed a responsive pleading in this matter. On January 6, 2025, based on Defendant's failure to respond to this lawsuit, Plaintiffs moved for and was provided with a clerk's certificate of default for Defendant Malwitz [Dkt. 41]. Plaintiffs now timely move for a default judgment in their favor.

### IV.   FACTUAL BACKGROUND

Plaintiffs were totally unpaid for significant periods of time, including regular and overtime pay, mostly in late 2023. The details of each Plaintiff's claim are set forth in the attached Exhibits 6 through 19 and summarized in a spreadsheet at Ex. 1.

Defendant Malwitz is the sole member and manager of the LLC. [Ex. 21, BK Dkt. 34 p. 7]. He actively participated in the business of Steel Huggers [Ex. 3, Dkt. 38 ¶ 7] When the company fell upon difficult financial times in early 2023, Defendant Malwitz was the individual who had the authority to, and in fact did, make decisions in regard to which creditors to pay, how to manage cashflow, which employees to pay or not pay. [Ex. 3,

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 4

Dkt. 38 ¶ 8]. He had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. [Ex. 3, Dkt. 38 ¶10].

## V. INDIVIDUAL LIABILITY

Under federal and state law, Defendant Malwitz was Plaintiffs' "employer" individually. Since January 1, 2020, the CWA's definition of "employer" mirrors that in the FLSA. 3 C.R.S. § 8-4-101(6); COMPS Order, Rule 1.6; Colorado H.B. 19-1267. The Colorado Division of Labor describes the standard as follows:

> 'The term "person" is…broadly defined under the FLSA to include…an "individual." Thus, an individual who acts directly or indirectly in the interest of an employer in relation to an employee, including an individual corporate officer, owner, participating shareholder, manager, or supervisor, may be subject to individual liability for FLSA violation.'"

[CDLE INFO #11A[1], p. 1-2].

The FLSA's definition of "employer" can and frequently does cover certain individuals as well as corporate entities. The longstanding four-factor "economic realities test" has been adopted by the Tenth Circuit for determining an employment relationship under the FLSA, which Colorado has adopted in state law. *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189–90 (D. Colo. 2012), citing *Baker v. Flint Eng'g and Const. Co.*, 137 F.3d 1436, 1439 (10th Cir.1998). The *Koellhoffer* court described this analysis as follows:

> "The *Baker* court held that "[t]he economic reality test includes inquiries into whether the alleged employer has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." [ ]. In determining whether a particular individual is an employer, courts have also looked at the level of operational control the individual had over the company, meaning that the individual is either

---

[1] https://cdle.colorado.gov/sites/cdle/files/INFO%20%2311A%20Individual%20Liability%20Under%20the%20CWA%20and%20HFWA%2006.30.2021%20accessible.pdf

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 5

'involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.'"

(Internal citations omitted). Courts have also looked at the level of "operational control" the individual has over the company, including whether the individual is involved in the day-to-day operations and/or has some direct responsibility for the supervision of the employees. *Baker*, 137 F.3d at 1439. The breadth of coverage for individuals is intentionally expansive and not designed to be a continuation of the previous standard requiring a showing akin to a corporate veil piercing.

Even if this were a contested matter, there could be no dispute that Defendant Malwitz (in addition to the LLC) was Plaintiffs' "employer" as that term is defined by the COMPS Order. 7 C.C.R. 1103-1(1.6). [Ex. 3, Dkt. 38 ¶ 58]. Plaintiffs have alleged that that Defendant hired them, set their rates of pay and work schedules. [*Id.* at ¶ 10]. Defendant was the owner of Steel Huggers LLC and was the sole member of the LCC, and as such had "operational control." [*Id.* at ¶ 6]. Defendant made financial decisions for the business including determining which creditors to pay, how to manage the cashflow of the business, and which employees to pay or not pay when funds were limited. [*Id.* at ¶ 8]. In short, Defendant was entirely in charge of his business and his employees. Therefore, looking at the economic realities, Defendant was Plaintiffs' "employer" and thus should be found to be liable for the violations complained of herein under the FLSA and CWA, jointly and severally with Steel Huggers LLC.

## VI. DEFENDANT OWES PLAINTIFFS DAMAGES FOR UNPAID WAGES.

### A. FLSA

By not paying Plaintiffs at all for certain weeks of their employment, Defendant violated the FLSA's minimum wage requirements. Plaintiffs recognize that they may seek

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 6

the greater of two available remedies for minimum wage underpayments, but not both. However, the law does allow that Plaintiffs may recover FLSA liquidated damages in regard to their FLSA claims in addition to state law penalties applicable to underpaid wages. Thus, for practical purposes the reason for Plaintiffs to assert FLSA claims is to assert the foundation upon which those liquidated damages may be awarded.

The amount they claim is the federal minimum wage rate of $7.25 per hour for the first 40 hours, and their actual overtime rate for hours above 40, times the quantity of hours for which they were not paid at all. 29 U.S.C. § 206(a), § 207(a)(1); *Tackie v. Keff Enterprises, LLC*, No. 14-CV-2074-JPO (S.D.N.Y. Sept. 16, 2014) (assessing FLSA damages in this manner).

Having established a violation of the FLSA, Plaintiffs request that the Court award FLSA liquidated damages. "Any employer who violates the provisions of…section 207…shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation…and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Francisco v. Susano*, Civil Case No. 10-cv-00332-CMA-MEH (D. Colo. Sep. 10, 2013). In order to avoid being assessed liquidated damages, the employer must be able to show that it acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA. 29 U.S.C. § 260. "Reasonableness imposes an objective standard by which to judge the employer's behavior. *Id*. Only where the court finds that the employer meets this burden, may it, in its sound discretion, deny liquidated damages." *Reyes v. Snowcap Creamery, Inc.*, Civil Action No. 11-cv-02755-JLK-KMT (D. Colo. Mar. 20, 2014). Defendants, having failed to appear in this action or respond to the Complaint in any form, have done nothing to meet

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 7

their burden. Plaintiffs seek an additional amount equal to the amount of unpaid federal minimum wages for the time for which no wages were paid plus an amount equal to overtime payments that were not paid, for their FLSA liquidated damages.

### B. COLORADO WAGE CLAIM ACT

i. Unpaid Wages

Plaintiffs allege that they were owed wages at the time their employment with Defendants ended, which the Defendants willfully withheld in violation of the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq*. The Colorado Wage Claim Act allows an employee "to sue his or her former employer for earned wages and other compensation the employer has refused to pay." *Lester v. Career Bldg. Acad*., 338 P.3d 1054, 1058 (Colo. App. 2014); see also C.R.S. § 8-4-109; see also C.R.S. § 8-4-109.

Plaintiffs allege that they performed work for the Defendants and were not paid for that work upon termination of employment. Having been separated from their employment with Defendants, Plaintiffs are entitled to make a § 8-4-109 claim for all wages earned but not yet paid.

ii. Colorado Statutory Penalties

When an employer fails to pay an employee's owed wages, the employee is directed to "make a written demand for the payment." *Id*. at § (3)(a). If the employer does not make payment within fourteen days after receiving the employee's demand, the employer is liable for the unpaid wages and an additional statutory penalty. C.R.S. § 8-4-109(3)(b). The form of the written demand may vary; in addition to a form or letter, the filing of a complaint in court may constitute a written demand. *Damitio v. Sushi Zanmai Inc.*, No. 12-CV-2603-JLK, 2013 WL 136186, at *1 (D. Colo. Jan. 10, 2013), *Latham v.*

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 8

*High Mesa Commc'ns,* No. 17-CV-2118-JLK-GPG, 2020 WL 1317421, at *8 (D. Colo. Jan. 13, 2020).

As alleged, Plaintiffs, with the assistance of counsel, all filed Proofs of Claim in the bankruptcy case, some made less formal complaints such as by email and text, and Plaintiffs filed this action, but at no time has Defendant tendered any payment in response to any of these written demands. [Ex. 3, Dkt. 38 ¶¶ 73-76]. Therefore, Plaintiffs are entitled to an award of the statutory penalty set forth in C.R.S. § 8-4-109(3).

Plaintiffs are entitled to recover both liquidated damages and the CWA statutory penalties. *Evans v. Loveland Auto. Invs., Inc*., No. 15-1049 (10th Cir. 2015). This is not a double recovery because the laws "serve different purposes—the FLSA damages are compensatory and the [state law] damages serve a punitive purpose." *Id*., citing with approval *Do Yea Kim v. 167 Nail Plaza*, No. 05 CV 8560 (GBD), 2008 WL 2676598, at *3 (S.D.N.Y. July 7, 2008). In other words, FLSA liquidated damages and C.R.S. interest is designed to make the plaintiff whole; the CWA penalty provision is designed to punish and/or deter wrongful conduct. Pursuant to C.R.S. § 8-4-109(3)(b), if an employee is not paid his earned, vested, and determinable wages or compensation within fourteen days after sending a written demand for payment, his employer is liable to him for the wages plus a penalty.

The nonpayment of wages by Defendant was willful. A failure to pay wages does not need to be malicious to be considered willful. Willfulness means that the employer "knew or showed reckless disregard for" its wages payment obligations; "Reckless disregard can be shown through 'action entailing an unjustifiably high risk of harm that is either known or so obvious that is should be known.'" *Boyer v. Celerity Sols. Grp., LLC*,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 9

482 F. Supp. 3d 1122, 1136 (D. Colo. 2020). Here, there can be no question that Defendant knew he needed to pay Plaintiffs; Defendant's reason for not paying wages was not lack of knowledge of the obligation to pay wages, but financial problems of the company. [Ex. 3, Dkt. 38, ¶¶51-56]. When funds ran out, Defendant kept Plaintiffs working for as long as the workers would tolerate the partial or nonexistent payments of wages. *Id.* Because Defendant's failure to pay wages and compensation owed was willful, Plaintiffs are owed three times their unpaid wages or compensation as per C.R.S. § 8-4-109(3)(b)(II).

### C. THEFT OF SERVICES

Defendant has failed to pay Plaintiffs all their wages or compensation for the time that they worked for Steel Huggers LLC. Pursuant to COMPS #38, § 8.4 (emphasis added):

> **It is theft** under the Criminal Code (C.R.S. § 18-4-401) if an employer or agent: (A) willfully refuses to pay wages or compensation… or (B) intentionally pays or causes to be paid to any such employee a wage less than the minimum (C.R.S. § 8-6-116).

Here, Defendant's failure to pay Plaintiffs for several weeks of earned wages amounts to theft. Defendant unjustly benefited from Plaintiffs' labor without compensating them. Pursuant to CRS § 18-4-405, Defendant is liable to the Plaintiffs for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

Treble damages are available but are limited in their scope temporally. The court in its discretion may consider the fact that a statute of limitations defense is an affirmative defense and, as there has been no response by Defendants here, could be disregarded. However, Plaintiffs nevertheless note that the statute of limitations to obtain treble

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 10

damages under Colorado's civil theft statute is one year. *HLS Trucking Inc. v. Hooper Corp.*, 2023 WL 5507790, at *2 (D. Colo. Aug. 25, 2023), citing *Brody v. Bruner*, 2021 WL 4264055, *3 (D. Colo. Sept. 20, 2021); *Tisch v. Tisch*, 439 P.3d 89, 101 (Colo. App. 2019).

Here, the Complaint was filed January 25, 2024, so the start of the statutory period for treble damages would be January 25, 2023. Plaintiffs' unpaid wages occurred after this date. In Steel Huggers LLC's list of unsecured claims, it lists the unpaid wages debts as being priority claims. [Ex. 24, BK Dkt. 149]. This means that the unpaid wages would have had to have been accrued within 180 days of the November 15, 2023 bankruptcy filing, i.e. on or after May 19, 2023. 11 U.S.C. § 50(a)(4)(A). As such they are entitled to the treble damages for their unpaid wages. Since the first part has already been accounted for in the unpaid wages section above, we multiply by two rather than three, to obtain the additional amounts as in conversion damages for Plaintiffs.

These damages are not duplicative with the FLSA's liquidated damages or the state statutory damages because they are, again, intended to address different things. After all, the state statute not only goes out of its way to list these provisions in two separate sections but in fact explicitly says "**In addition to** any other penalty imposed by this article 4…" that at § 109 provides the statutory penalties. CRS § 80-4-114(2) (emphasis added).

The standard set forth in statute is as follows:

…any employer or agent of an employer who willfully refuses to pay wages or compensation as provided in this article 4, or falsely denies the amount of a wage claim,  or the validity thereof, or that the same is due, with intent to secure for himself, herself, or another person any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass,  oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is due, commits theft as  defined in section 18-4-401.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 11

> In turn, relevant here, CRS 18-4-401 states,
> (1) A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization …, and:
> > (a) Intends to deprive the other person permanently of the use or benefit of the thing of value; [or]
> > (b) Knowingly uses, … the thing of value in such manner as to deprive the other person permanently of its use or benefit; [or]
> > (c) Uses, … the thing of value intending that such use, … will deprive the other person permanently of its use or benefit;

CRS 18-4-405 then says that "All property obtained by theft, … shall be restored to the owner, …. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees."

In other words, while not stated as such, the standard for damages in this type of circumstance seems to be a "willfulness-plus" (but not "malice") standard. The willfulness standard for FLSA statutory period extension is relatively low, a "knew or showed reckless disregard for" what the FLSA requires. *Mumby v. Pure Energy Servs. (USA), Inc.,* 636 F.3d 1266, 1270 (10th Cir. 2011), <u>citing</u> *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, (1988). By contrast, the theft damages willfulness standard appears to require more direct knowledge about the impropriety of the underpayments coupled with an intentionality not to pay them. Here, that standard has been met. Under these circumstances it is entirely appropriate to levy this form of additional punitive damages against them as specified by statute.

### D. **C.R.S. § 5-12-102 PREJUDGMENT INTEREST**

Colorado statutory law provides for 8% interest, compounded annually, on money that has been "wrongfully withheld." C.R.S. § 5-12-102(1)(a). This provision is designed

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 12

to "fully recognize the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered." *Id.*; *Shannon v. Colorado School of Mines*, 847 P.2d 210, 213 (Colo. App. 1992) (awarding 8% prejudgment interest to wages owed under state law). A Plaintiff may not recover both liquidated damages and interest, as they are both meant "'to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment.'" *Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1247 (10th Cir. 2000). However, Plaintiffs are also entitled to recover, on their backpay damages only, prejudgment interest on the difference between the (higher) computed wage rates owed pursuant to the CWA and the (lower) federal minimum wage rate.

As indicated above, Plaintiffs are seeking FLSA liquidated damages only on their minimum wage claim. The remaining owed wages (i.e., unpaid wages) have not received any liquidated damages or interest to offset the time value of that money. As such, Plaintiffs request prejudgment interest at a rate of 8% per annum, compounded annually, to the date of the Order on this motion.

### E. ATTORNEYS' FEES AND COSTS

Should the Court grant the Plaintiffs' motion for default, pursuant to the FLSA (29 U.S.C. § 216(b)) and the CWA (C.R.S. § 8-4-110) Plaintiffs are entitled to their attorneys' fees and costs from the Defendant and to post-judgment interest. 28 U.S.C. §1961. Plaintiffs request that, upon a successful motion for default judgment, the Court permit Plaintiffs' counsel to move separately for attorneys' fees and costs. Plaintiffs request that the Court grant liability for fees and costs with the amount to be determined pending that forthcoming separate motion.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 13

**VII.   CLASS CLAIMS**

Plaintiffs' SAC contains Rule 23 class allegations. [Ex. 3, Dkt. 38, ¶¶37-46]. Filed contemporaneously herewith is Plaintiffs' Motion for Class Certification pursuant to Fed. R. Civ. Proc. 23. Should that motion be granted, default judgment should be entered in regard to the additional 54 individuals listed there in addition to the Plaintiffs discussed above. Even though discovery has not been undertaken due to the Defendant's default, in this case enough information is available with which to compute damages, using the same methods applied to the Plaintiffs. It is also important to do so in a situation like this, as Defendant should not be able to escape class-wide liability on the basis of failing to respond to court proceedings in this matter.

As indicated in Ex. 2 which is a spreadsheet summarizing the "priority claims" section of the "Creditors Who Have Unsecured Claims Schedule" (Ex. 24, Bk Dkt. 149) there are an additional 54 individuals who are neither Plaintiffs herein nor Defendants or their close family whose unpaid wages – according to Steel Huggers – in the aggregate totals $153,541.18. In actuality the number is likely more than that, but at a minimum Defendant should be liable for these amounts to which there are sworn admissions of the wages being due.

**VIII.   CONCLUSION**

Following is a summary of the damages Plaintiffs seek to be awarded:

1. Plaintiffs (combined)

| | |
|---|---|
| Unpaid Wages | $110,170.16 |
| § 109 Basic | $220,340.32 |
| § 109 Willful | $110,170.16 |
| FLSA Liq | $ 31,974.45 |
| Theft | $220,340.32 |
| TOTAL | $692,995.41 |

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Conejo, et al. v. Malwitz
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 14

2. Rest of the class (combined)

| | |
|---|---|
| Unpaid Wages | $153,541.18 |
| § 109 Basic | $307,082.36 |
| § 109 Willful | $153,541.18 |
| FLSA Liq | $ 71,107.25 |
| Theft | $307,082.36 |
| TOTAL | $992,354.33 |

3. Prejudgment interest under Colorado Law (at a rate of 8%, compounded annually, to the date of the Order on this motion);

4. Post-judgment interest (at a daily rate as determined by the Clerk of the Court) until Defendant complies with the judgment;

5. Attorneys' fees and costs under the FLSA and CWA (in an amount to be determined upon Plaintiffs' counsels' further submission); and

6. Any such other and further relief as the Court deems proper.

WHEREFORE, the Plaintiffs request that default judgment be entered against Defendant, jointly and severally, that they be awarded damages as outlined above, and that upon entry of the default judgment he, as the prevailing party, be granted leave to request their attorneys' fees and costs through a separate motion.

Respectfully submitted, this **24th** day of **March 2025.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
CO Bar Reg No. 54677
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.

Attorney for Plaintiffs

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 15

**LIST OF EXHIBITS**

Summary Spreadsheets
1. Plaintiffs' Damages
2. Summary of Dkt. 149 wage data; class damages

Relevant Pleadings From This Action
3. 38 Second Amended Complaint
4. 39 Affidavit of Service of SAC on Malwitz
5. 41 Clerk's Certificate of Default

Proofs of Claims
6. 01 Amended POC – Conejo
7. 39 Amended POC – Ashmore
8. 40 Amended POC – Acosta
9. 41 Amended POC – Mack
10. 75 POC – Barajas
11. 76 POC – Caldwell
12. 77 POC – Crawford
13. 78 POC - Garza
14. 79 POC - Hampton
15. 80 POC - Kelsch-Haghiri
16. 81 POC - Lough
17. 82 POC – Martin
18. 83 POC - Pittser
19. 84 POC - Timian

Bankruptcy Docket/Proceedings
20. BK DKT Report (as of 3/11/2025)
21. Bk Dkt. 34 Statement of Financial Affairs
22. Bk Dkt 126 2/20/2024 Mtg of Creditors Notice
23. Transcript, 2/20/2024 Mtg of Creditors
24. Bk Dkt. 149 Creditors Who Have Unsecured Claims Schedule

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Conejo, et al. v. Malwitz*
Case No. 24-cv-00232-CNS-NRN

Ps' Motion for Default Judgment
Page 16