UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:24-cv-00232-CNS-NRN

ADRIAN CONEJO, CHRISTOPHER ASHMORE, JASON MACK,
MIGUEL ACOSTA, JEFFREY MARTIN, DAVID KELSCH-HAGHIRI,
REBECCA HAMPTON, RACHEL CALDWELL, ALFONSO BARAJAS,
ANGEL LOUGH, COLE TIMIAN, MARQUIVAS AVEREY CRAWFORD,
CODY PITTSER, AND DANIEL GARZA,
in their individual capacities and on behalf of others similarly situated,

      Plaintiffs,

v.

NICHOLAS ("NIC") MALWITZ, an individual,

      Defendant.

---

**REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (ECF No. 45)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before the Court pursuant to an Order by Judge Charlotte N. Sweeney, ECF No. 46, referring Plaintiffs' Motion for Default Judgment ("Motion"), ECF No. 45. A Clerk's Default was entered on April 12, 2024 against Defendant Nicholas ("Nic") Malwitz ("Defendant"). ECF No. 21.

Defaulting Defendant failed to appear, answer, or otherwise plead to the Second Amended Complaint ("SAC"), ECF No. 38, despite having been served. *See* ECF No. 45 at 5. The Court heard oral argument on September 11, 2025. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully

advised. For the following reasons, the Court **RECOMMENDS** that Plaintiffs' Motion be **GRANTED**.

### I.    BACKGROUND[1]

Plaintiffs, who worked at Defendant's metal fabrication and construction company, Steal Huggers LLC, claim they were either underpaid or totally unpaid for significant periods of time beginning in late 2023. Steel Huggers LLC filed for bankruptcy, however Defendant, the sole owner of the LLC, did not. Plaintiffs allege that Defendant was an additional "employer" and bring this action against him for the recovery of unpaid/underpaid wages and other damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the "Colorado Wage Claims Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 et seq., and the Colorado Minimum Wage Act ("CMWA") Colo Rev. Stat. § 8-6-101 et seq., as implemented by the Colorado Overtime and Minimum Pay Standards Orders ("COMPS"). Plaintiffs bring an additional state law claim for theft of services under Colo. Rev. Stat. § 18-4-401.

Based on the foregoing, Plaintiffs request the following relief for the fourteen named Plaintiffs: (1) unpaid and underpaid wages under the FLSA and CWCA; (2) liquidated damages in the amount of their unpaid and unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); (3) statutory damages as provided for the CWCA; (4) three times the amount of the actual damages sustained, pursuant to Colo. Rev. Stat. § 18-4-405; (5) pre-judgment interest on the difference between the (higher) computed wage rates owed pursuant to CWCA and the (lower) federal minimum wage rate; (6) post-judgment interest; (7) the costs of this action together with reasonable attorney fees; and (8) any

---

[1] All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

other relief deemed proper and necessary by the Court. On behalf of the remainder

forty-seven class members that are not named, Plaintiffs seek identical relief, save for

FLSA liquidated damages. *See* Amendment to Pls.' Mot. for Default J., ECF No. 65.

## II.    LEGAL STANDARD

### a.  Entry of Default Judgment

Federal Rule of Civil Procedure 55 specifies a two-step process for obtaining a

default judgment. First, the party must seek and obtain an entry of default by the Clerk

of Court under Rule 55(a). *See Wendell H. Stone Co., Inc. v. Five Star Advert., LLC*,

No. 19-cv-03157-PAB-STV, 2022 WL 4094067, at *2 (D. Colo. Sept. 7, 2022) (citations

omitted). Second, once default has been entered by the Clerk, the party must move for

default judgment under Rule 55(b). *Id.* Whether to grant default judgment is committed

to the Court's discretion. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003).

In exercising its discretion, the Court must keep in mind that "strong policies favor

resolution of disputes on their merits," and that default judgment is normally appropriate

"only when the adversary process has been halted because of an essentially

unresponsive party." *In re Rains*, 946 F.2d 731–33 (10th Cir. 1991) (quotation and

citation omitted).

Before entering a default judgment, the Court must first establish that it has

personal jurisdiction over the defendant and subject-matter jurisdiction over the suit.

*See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry

of a default judgment is sought against a party who has failed to plead or otherwise

defend, the district court has an affirmative duty to look into its jurisdiction both over the

subject matter and the parties."). Next, the Court must consider "whether the admitted

facts demonstrate a right to recovery." *Am. S. Ins. Co. v. Wallz, Inc.*, No. 24-cv-01191-DDD-SBP, 2025 WL 685696, at *3 (D. Colo. Jan. 29, 2025), *report and recommendation adopted*, 2025 WL 1251203 (D. Colo. Feb. 25, 2025), *reconsideration denied*, 2025 WL 1927583 (D. Colo. June 13, 2025). At this step, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quotation and citation omitted). The Court accepts all well-pled facts as true. Similarly, "undisputed facts alleged in affidavits and exhibits are deemed true." *Miller v. Dirty Pit Craft House LLC*, No. 23-cv-00183-GPG-SBP, 2024 WL 4110792, at *2 (D. Colo. Mar. 24, 2024) (citing *Eighth Dist. Elec. Pension Fund v. Teter Indus., Inc.*, No. 22-cv-02521-CNS, 2023 WL 3819339, at *2 (D. Colo. June 5, 2023)). When assessing damages, however, the Court must establish the amount that the moving party is entitled to recover. *Mrs. Condies Salad Co. v. Colo. Blue Ribbon Foods, LLC*, 858 F. Supp. 2d 1212, 1218 (D. Colo. 2012).

In determining the damages amount, a hearing is not always required. "[T]he hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." *Malluk v. Berkeley Highlands Prods.*, LLC, No. 19-cv-01489-CMA, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020). The Court need not conduct a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983). In this case, the Court did conduct a hearing. *See* ECF No. 67.

III.    **ANALYSIS**

a.  **Jurisdiction**

i.  **Subject Matter Jurisdiction**

Plaintiffs' claims under the FLSA sufficiently establishes federal jurisdiction pursuant to 28 U.S.C. § 1331 as the claims arise under federal law. Further, the Court finds it proper to exercise supplemental jurisdiction over the related state law and common law claims pursuant to 28 U.S.C. § 1367(a).

ii.  **Personal Jurisdiction**

It is Plaintiffs' burden to establish personal jurisdiction over Defendant. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). Within the default judgment context, a plaintiff "need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

Accepting the well-pled facts in the SAC as true, the Court finds that it has general and personal jurisdiction over Defendant, who is domiciled in Colorado. Additionally, the Court finds that Plaintiffs properly served the Defendant via personal service. Additionally, Defendant's company, Steel Huggers LLC, is based in Colorado.

b.  **Entitlement to Judgment**

Once default is entered, "'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir.

1975)). Accepting the well-pled facts as true, the Court finds that Plaintiffs have alleged

sufficient facts to support the entry of default judgment against Defendant.

### i. Individual Liability

Under the FLSA, an employer is defined as "any person acting directly or

indirectly in the interest of an employer in relation to an employee and includes a public

agency, but does not include any labor organization (other than when acting as an

employer) or anyone acting in the capacity of officer or agent of such labor

organization." 29 U.S.C. § 203. As of 2020, Colorado has adopted the same approach.

*See* Interpretive Notice and Formal Opinion #11A: Individual Liability Under the

Colorado Wage Act (CWA) and Health Families and Workplaces Act (HFWA), reprinted

in Section VII, 16A Colo. Prac., Employment Law & Practice Handbook ("For example,

an employee working as a mechanic at 'Smith's Auto Body' could bring a wage claim

simultaneously against *both* the business and the owner who manages the business. . .

. If an individual qualifies as an 'employer,' they are personally (*i.e.*, 'individually') liable .

. . along with the business, for paying the *full amount owed* for any wage-and-hour

violations, including any fines and penalties.").

In determining whether Defendant as an individual is Plaintiffs' "employer" under

the FLSA and Colorado wage laws, the Court must consider the following four factors:

whether Defendant (1) has the power to hire and fire the employee; (2) supervises and

controls the employee's work schedule or conditions of employment; (3) determines the

rate and method of payment; and (4) maintains employment records. *See Gomez v.

Timberline Custom Builders, LLC*, No. 23-cv-01510-RMR, 2025 WL 2613741, at *3 (D.

Colo. Sept. 10, 2025) (citing to *Inniss v. Rocky Mountain Inventory, Inc.*, 385 F. Supp.

3d 1165, 1168 (D. Colo. 2019)). "No one factor is dispositive, but instead a court must consider the economic realities and the circumstances of the whole activity." *Id.* (internal quotations and citations omitted).

Here, the Court finds that Plaintiffs have sufficiently alleged that Defendant was their employer. Defendant is the sole owner and sole member of Steel Huggers LLC. Plaintiffs allege that Defendant hired Plaintiffs and set their rates of pay and work schedule. *See* ECF No.45 at 7. Thus, the Court finds that Defendant is individually liable for the alleged violations of the FLSA, CWCA, and state law provision for theft of services.

### ii.  FLSA

Under the FLSA "[e]very employer shall pay to each of his employees . . . $7.25 an hour" as the federal minimum wage. 29 U.S.C. § 206(a)(1)(C). Additionally, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(1). The requirements to state a claim of a FLSA violation "are quite straightforward, requiring plaintiff to show a failure to pay overtime compensation and/or minimum wages to covered employees—no more. *Rayfield v. Sandbox Logistics*, LLC, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016) (internal quotations and citations omitted).

Plaintiffs allege they were employed by Defendant, the sole owner of Steel Huggers LLC. Plaintiffs claim that for certain periods of time, they went completely unpaid. Plaintiffs further claim that they regularly worked in excess of 40 hours a week

but were not compensated at a rate of one and one-half times the normal hourly rate for overtime. ECF No. 38 at 9–10. Taking the well-pled allegations in the SAC as true, the Court finds that Plaintiffs have pled sufficient facts to support a claim for violations of the FLSA's minimum wage and overtime provisions.

### iii. CWCA

The CWCA "allows an employee who has been terminated from employment to sue his or her former employer for earned wages and other compensation the employer has refused to pay." *Lester v. Career Bldg. Acad.*, 338 P.3d 1054, 1058 (Colo. App. 2014). Under the CWCA, when an employer fails to pay an employee's owed wages, the employee is directed to "make a written demand for the payment." Colo. Rev. Stat. § 8-4-109(a). If the employer does not make payment within fourteen days after receiving the employee's demand, the employer is liable for the unpaid wages and an additional statutory penalty. A "written demand" is defined as "any written demand for wages or compensation from or on behalf of an employee, including a notice of complaint, mailed or delivered to the employer's correct address." Colo. Rev. Stat. § 8-4-101.

Plaintiffs state that they, with the assistance of counsel, filed Proofs of Claim in the bankruptcy case for Steel Huggers LLC, and that some of these individuals made less formal complaints such as by email and text. Additionally, Plaintiffs served this lawsuit on Defendant on March 7, 2024. ECF No. 9. The Court finds that this is sufficient to constitute a written demand. Plaintiffs further allege that at no time has Defendant tendered any payment in response to any of the written demands. The Court thus finds that Plaintiffs are entitled to relief under the CWCA, including additional statutory penalties.

### iv. Theft of Services/Conversion

Under Colorado law, a person commits theft when he or she "knowingly obtains, retains, or exercises control over anything of value of another without authorization or by threat or deception," and "[i]ntends to deprive the other person permanently of the use or benefit of the thing of value[.]" Colo. Rev. Stat. § 18-4-401. A "thing of value of another" is something that a person "other than the defendant has a possessory or proprietary interest therein." *Id*. Further, pursuant to Colo. Rev. Stat. § 8-6-116, any employer who "intentionally, individually or as an officer, agent, or employee of a corporation or other person, pays or causes to be paid to any such employee a wage less than the minimum commits theft as defined in section 18-4-401."

If a plaintiff succeeds in substantiating allegations of theft of services, Colo. Rev. Stat. § 18-4-405, provides a remedy of "two hundred dollars or three times the amount of the actual damages sustained by [plaintiff], whichever is greater." Colo. Rev. Stat. § 18-4-405.

Plaintiffs claim that they are entitled to recover treble damages based on the claim for theft of services in addition to triple lost wages as a statutory penalty under the CWCA. However, the Court is persuaded by Magistrate Judge Braswell's recent analysis and finding that Colorado law does not allow a plaintiff to receive double compensation for the same wrongdoing. *Kimes v. Alshawy*, No. 23-cv-00082-RMR-MDB, 2024 WL 2864147, at *6 (D. Colo. May 20, 2024), *report and recommendation adopted*, 2024 WL 3341013 (D. Colo. June 7, 2024) ("If two claims 'arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery[]'") (quoting *J.M. v. Hilldale Independent School Dist.*, 397

Fed. Appx. 445, 460 (10th Cir. 2010) (quotation omitted)). Thus, the Court finds that Plaintiffs are not entitled to damages for theft of services.

## IV. DAMAGES

"A final default judgment cannot be entered against a party until the amount of damages has been ascertained." *Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2692 (1983)). "Actual proof must support any default judgment for money damages." *Gomez*, 2025 WL 2613741, at *6.

Here, Plaintiffs have provided Proofs of Claim, an affidavit, and bankruptcy records to establish the amounts owed. Based on the uncontested facts, the Court finds that Plaintiffs should be entitled to the following damages.

### a. Actual Damages under the FLSA and CWCA

All Plaintiffs and class members seek to recover their actual unpaid and underpaid wages under the FLSA and CWCA. Plaintiffs' counsel has submitted Proofs of Claims for all fourteen plaintiffs in support of their damages calculations. *See* ECF Nos. 45-7–45-20. With respect to the remaining forty-seven class members, Plaintiffs have submitted bankruptcy paperwork for Steel Huggers LLC outlining all the priority and total wage claims. *See* ECF No. 45-25. Plaintiffs' counsel has also provided the Court with a supporting declaration attesting to the truth and accuracy of the requested amounts. *See* ECF No. 45-1. Based on this record, the Court recommends that named Plaintiffs and the remaining class members should be awarded a total of $110,170.16 and $141,662.18 in actual damages, respectively. These figures are broken down further in the next section.

### b.  Liquidated Damages under the FLSA

Under the FLSA, Plaintiffs are entitled to liquidated damages in the amount of unpaid/underpaid minimum wages calculated under the FLSA. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). Accordingly, the Court finds that thirteen of the fourteen named plaintiffs should awarded FLSA liquidated damages under the FLSA.[2]

### c.  Statutory Penalties under the CWCA

The Tenth Circuit has found that a plaintiff may recover both FLSA liquidated damages and statutory penalties under the CWCA. *See Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498 (10th Cir. 2015) (collecting cases and concluding that "an award of both a state statutory penalty and FLSA liquidated damages does not constitute a double recovery"). Under Colo. Rev. Stat. § 8-4-109(3)(b), if an employer has failed or refused to pay all earned, vested, and determinable wages or compensation within fourteen days of a written demand, the employer is liable for the wages plus an automatic penalty of "[t]he greater of two times the amount of the unpaid wages or compensation or one thousand dollars." *Id.* § 8-4-109(3)(b)(I). However, if "the employee can show that the employer's failure or refusal to pay wages or compensation

---

[2] For one named plaintiff, Jeffrey Martin, for whom prejudgment interest would be greater than the claimed liquidated damages, the Court recommends that he be awarded prejudgment interest in lieu of FLSA liquidated damages. This is further explained in subsection d.

was willful," the penalties are then increased to "the greater of three times the amount of the unpaid wages or compensation or three thousand dollars." *Id.* § 8-4-109(3)(b)(II).

Having established that Plaintiffs should be entitled to "two times the amount of unpaid wages" under Colo. Rev. Stat. § 8-4-109, the Court next considers whether the failure to pay was "willful." The Court agrees with Plaintiffs that Defendant's reason for not paying wages was not a lack of knowledge of the outstanding obligations, but rather an inability due to the company's financial struggles. In their Motion, Plaintiffs further allege that even after company funds ran out, Defendant knowingly allowed Plaintiffs to continue working *completely* without pay for as long as they would tolerate. ECF No. 45 at 11. Thus, the Court finds that Defendant's failure to pay was willful and Plaintiffs are therefore entitled to three times the amount of unpaid/underpaid wages.

### d. Prejudgment Interest

In their Motion, Plaintiffs request prejudgment and post-judgment interest. The Court finds that prejudgment interest would not be appropriate here as to the fourteen named plaintiffs. Under Colorado Revised Statute § 5-12-102(1)(a):

> (a) When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property from the date of wrongful withholding to the date of payment or to the date judgment is entered, whichever first occurs; or, at the election of the claimant[.]

However, courts "may not award both liquidated damages under the FLSA and prejudgment interest" and "must consider whether the equities would preclude the award of prejudgment interest." *Fracasse v. Ablaze Energy*, No. 15–cv–2192–WJM–NYW, 2016 WL 8577551, at *7 (D. Colo. July 1, 2016) (quotation omitted); *see also Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498–99 (10th Cir. 2015) (ordering the district court to vacate its award for prejudgment interest if it chose to award

liquidated damages); *Dep't of Labor v. City of Sapulpa,* 30 F.3d 1285, 1290 (10th Cir. 1994) ("If the district court finds that liquidated damages should be awarded it must vacate its award of prejudgment interest, because it is settled that such interest may not be awarded in addition to liquidated damages.").

Moreover, in *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 764 (10th Cir. 1997), the Tenth Circuit held that a trial court must consider whether "the equities would preclude the award of prejudgment interest." The Court finds that the equities require the Court to award Plaintiffs the larger of the two amounts. Plaintiffs argue that because they are only seeking FLSA liquidated damages on their minimum wage claim, that they are entitled to recover prejudgment interest on the difference between "the (higher) computed wage rates owed pursuant to the CWA and the (lower) federal minimum wage rate." ECF No. 45 at 14. The Court is not persuaded. Plaintiffs do not cite any case law or authority in support of this position. Furthermore, Judge Regina M. Rodriguez rejected this identical argument in *Gomez. See* 2025 WL 2613741, at 7*.

Thus, the Court recommends that, with respect to the named plaintiffs, the higher of the FSLA liquidated damages and prejudgment interest be awarded. As of the date of this recommendation, the FLSA liquidated damages are greater than the prejudgment interest for all but one[3] of the fourteen named Plaintiffs. With respect to the forty-seven class members who do not seek FLSA liquidated damages, the Court recommends that

---

[3] Plaintiff Jeffrey Martin claims compensatory damages in the amount of $19,000.00. Prejudgment interest on this amount, calculated at 8% per annum compounded annually and starting from last day of Mr. Martin's employment with Steel Huggers LLC, presently comes out to around $2,874.54. This is far greater than the claimed FLSA liquidated damages amount of $1,450.00. Accordingly, in the case of Mr. Martin, the Court recommends he be awarded prejudgment interest in lieu of FLSA liquidated damages.

they be awarded prejudgment interest in an amount to be calculated on the date of the final judgment.

### e.  Post-judgment Interest and Attorney's Fees

For named Plaintiffs and class members alike, the Court recommends that post-judgement interest be awarded at a daily rate as determined by the Clerk of the Court, until Defendant complies with the judgment.

Lastly, under the FLSA and CWCA, Plaintiffs are permitted an award of reasonable attorney fees and costs. Colo. Rev. Stat. § 8-4-110(1); 29 U.S.C. § 216(b). The Court recommends granting Plaintiffs leave to file a motion for reasonable attorney's fees and costs incurred in connection with this litigation.

### V.    RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment, ECF No. 45, be **GRANTED IN PART AND DENIED** as follows:

That the Motion be **DENIED** to the extent that Plaintiffs seek damages for conversion and prejudgment interest for thirteen named plaintiffs.

That the Motion be **GRANTED** as to Plaintiffs' FLSA and state law wage claims in the following amounts[4]:

### Plaintiffs/Opt-ins

1. Adrian Conejo:
   a. Unpaid wages: $3,965.93
   b. FLSA Liquidated damages[5]: $1,825.93
   c. §109 Penalties: $11,897.79

---

[4] The Court has conducted an independent review of the requested amounts and made corrections to some of Plaintiffs' figures which appeared to be typographical errors.

[5] The Court acknowledges that the calculus on whether to award FLSA liquidated damages versus prejudgment interest may shift depending on the amount of interest that would accrue by the time of the final judgment.

      d.  Total: $17,689.65 (plus post judgment interest)

2.  Alfonso Barajas:
      a.  Unpaid wages: $9,446.10
      b.  FLSA Liquidated damages: $4,169.13
      c.  §109 Penalties: $28,338.30
      d.  Total: $41,953.53 (plus post judgment interest)

3.  Angel Lough:
      a.  Unpaid wages: $30,000.00
      b.  FLSA Liquidated damages: $8,700.00
      c.  §109 Penalties: $90,000.00
      d.  Total: $128,700.00 (plus post judgment interest)

4.  Christopher Ashmore:
      a.  Unpaid wages: $4,958.93
      b.  FLSA Liquidated damages: $1,040.38
      c.  §109 Penalties: $14,876.79
      d.  Total: $20,876.10 (plus post judgment interest)

5.  Cody Pittser:
      a.  Unpaid wages: $1,850.00
      b.  FLSA Liquidated damages: $1,015.00
      c.  §109 Penalties: $5,550.00
      d.  Total: $8,415.00 (plus post judgment interest)

6.  Cole Timian:
      a.  Unpaid wages: $10,235.34
      b.  FLSA Liquidated damages: $4,620.51
      c.  §109 Penalties: $30,705.34
      d.  Total: $45,561.87 (plus post judgment interest)

7.  Daniel Garza:
      a.  Unpaid wages: $5,000.00
      b.  FLSA Liquidated damages: $1,392.00
      c.  §109 Penalties: $15,000.00
      d.  Total: $21,392.00 (plus post judgment interest)

8.  David Kelsch-Haghiri:
      a.  Unpaid wages: $3,060.00
      b.  FLSA Liquidated damages: $1,305.00
      c.  §109 Penalties: $9,180.00
      d.  Total: $13,545.00 (plus post judgment interest)

9.  Jason Mack:
      a.  Unpaid wages: $2,400.00

      b.  FLSA Liquidated damages: $1,160.00
      c.  §109 Penalties: $7,200.00
      d.  Total: $10,760.00 (plus post judgment interest)

10. Jeffery Martin:
      a.  Unpaid wages: $19,000.00 (plus prejudgment interest)
      b.  §109 Penalties: $57,000.00
      c.  Total: To be recalculated at the time of the final Order, along with post-judgement interest

11. Marquivas Crawford-Gray:
      a.  Unpaid wages: $4,800.00
      b.  FLSA Liquidated damages: $1,860.00
      c.  §109 Penalties: $14,400.00
      d.  Total: $21,060.00 (plus post judgment interest)

12. Miguel Acosta:
      a.  Unpaid wages: $2,800.00
      b.  FLSA Liquidated damages: $536.50
      c.  §109 Penalties: $8,400.00
      d.  Total: $11,736.50 (plus post judgment interest)

13. Rachel Caldwell:
      a.  Unpaid wages: $4,000.00
      b.  FLSA Liquidated damages: $1,160.00
      c.  §109 Penalties: $12,000.00
      d.  Total: $17,160.00 (plus post judgment interest)

14. Rebecca Hampton:
      a.  Unpaid wages: $8,653.86
      b.  FLSA Liquidated damages: $1,740.00
      c.  §109 Penaltiess  $25,961.58
      d.  Total: $36,355.44 (plus post judgment interest)

**Class Members**

1. Aaron Snyder:
      a.  Unpaid wages: $4,935.08[6]
      b.  §109 Penalties: $14,804.24
      c.  Total: $19,740.32 (plus pre- and post-judgment interest)

2. Adam Abdow:

---

[6] In their Motion, Plaintiffs list this amount as "$4,395.08." However, the corresponding figure in the "Creditors Who Have Unsecured Claims" form is "$4935.08." *See* ECF No. 45-25 at 1. Assuming this was a typographical error, the Court will go by the figure provided in the form and recalculate the damages accordingly.

      a. Unpaid wages: $2,440.44
      b. §109 Penalties: $7,321.32
      c. Total: $9,761.76 (plus pre- and post-judgment interest)

3. Alex Ortecho:
      a. Unpaid wages: $2,138.16
      b. §109 Penalties: $6,414.48
      c. Total: 8,552.64 (plus pre- and post-judgment interest)

4. Alexis Varela:
      a. Unpaid wages: $3,516.19
      b. §109 Penalties: $10,548.57
      c. Total: $14,064.76 (plus pre- and post-judgment interest)

5. Alyssa Laufer:
      a. Unpaid wages: $1,532.25
      b. §109 Penalties: $4,596.75
      c. Total: $6,129.00 (plus pre- and post-judgment interest)

6. Arash Farahi:
      a. Unpaid wages: $2,687.42
      b. §109 Penalties: $8,062.26
      c. Total: $10,749.68 (plus pre- and post-judgment interest)

7. Ashley Fox:
      a. Unpaid wages: $2,357.68
      b. §109 Penalties: $7,073.04
      c. Total: $9,430.72 (plus pre- and post-judgment interest)

8. Cedric Shanley:
      a. Unpaid wages: $1,662.67
      b. §109 Penalties: $4,988.01
      c. Total: $6,650.68 (plus pre- and post-judgment interest)

9. Darren Eurich:
      a. Unpaid wages: $3,160.06
      b. §109 Penalties: $9,480.18
      c. Total: $12,640.24 (plus pre- and post-judgment interest)

10. David Lara:
      a. Unpaid wages: $2,341.98
      b. §109 Penalties: $7,025.94
      c. Total: $9,367.92 (plus pre- and post-judgment interest)

11. David Stevens:
      a. Unpaid wages: $3,113.02

b. §109 Penalties: $9,339.06
c. Total: $12,452.08 (plus pre- and post-judgment interest)

12. David Villarruel:
a. Unpaid wages: $2,101.58
b. §109 Penalties: $6,304.74
c. Total: $8,406.32 (plus pre- and post-judgment interest)

13. Devin Vang:
a. Unpaid wages: $4,320.45
b. §109 Penalties: $12,961.35
c. Total: $17,281.80 (plus pre- and post-judgment interest)

14. Dylan Rauscher:
a. Unpaid wages: $1,744.89
b. §109 Penalties: $5,234.67
c. Total: $6,979.56 (plus pre- and post-judgment interest)

15. Eli Cromp:
a. Unpaid wages: $2,062.85
b. §109 Penalties: $6,188.55
c. Total $8,251.40 (plus pre- and post-judgment interest)

16. Ellen Kelly:
a. Unpaid wages: $4,191.80
b. §109 Penalties: $12,575.40
c. Total: $16,767.20 (plus pre- and post-judgment interest)

17. Fredy Canil:
a. Unpaid wages: $1,473.92
b. §109 Penalties: $4,421.76
c. Total: $5,895.68 (plus pre- and post-judgment interest)

18. Gregory Blake:
a. Unpaid wages: $2,086.27
b. §109 Penalties: $6,258.81
c. Total: $8,345.08 (plus pre- and post-judgment interest)

19. Jeremiah Jaramillo:
a. Unpaid wages: $816.46
b. §109 Penalties: $3,000.00[7]

---

[7] Pursuant to Colo. Rev. Stat. § 8-4-109(3)(b)(II), Plaintiffs are entitled to "the greater of three times the amount of the unpaid wages or compensation or three thousand dollars." Since three times Mr. Jaramillo's unpaid wages ($816.46 x 3 = $2,449.38) is less than $3,000.00, the Court recommends statutory penalties in the amount of $3,000.00.

    c.  Total: $3,265.846 (plus pre- and post-judgment interest)

20. Jessica Burchfield:
    a.  Unpaid wages: $1,001.10
    b.  §109 Penalties: $3,003.30
    c.  Total: $4,004.40 (plus pre- and post-judgment interest)

21. John Jones:
    a.  Unpaid wages: $2,015.13
    b.  §109 Penalties: $6,045.39
    c.  Total: $8,060.52 (plus pre- and post-judgment interest)

22. John Pharris:
    a.  Unpaid wages: $2,974.07
    b.  §109 Penalties: $8,922.21
    c.  Total: $11,896.28 (plus pre- and post-judgment interest)

23. Jonathan Morrison:
    a.  Unpaid wages: $2,483.61
    b.  §109 Penalties: $7,450.83
    c.  Total: 9,934.44 (plus pre- and post-judgment interest)

24. Joseph Leonardo:
    a.  Unpaid wages: $3,706.99
    b.  §109 Penalties: $11,120.97
    c.  Total: $14,827.96 (plus pre- and post-judgment interest)

25. Joshua Murray:
    a.  Unpaid wages: $2,076.07
    b.  §109 Penalties: $6,228.21
    c.  Total: $8,304.28 (plus pre- and post-judgment interest)

26. Juan Ortiz:
    a.  Unpaid wages: $3,813.02
    b.  §109 Penalties: $11,439.06
    c.  Total: $15,252.08 (plus pre- and post-judgment interest)

27. Juan Rubio:
    a.  Unpaid wages: $3,183.57
    b.  §109 Penalties: $9,550.71
    c.  Total: $12,734.28 (plus pre- and post-judgment interest)

28. Kacie English:
    a.  Unpaid wages: $1,363.46
    b.  §109 Penalties: $4,090.38

c.  Total: $5,453.84 (plus pre- and post-judgment interest)

29. Kierian McFain-Garcia:
   a.  Unpaid wages: $581.14
   b.  §109 Penalties: $3,000.00
   c.  Total: $2,324.56 (plus pre- and post-judgment interest)

30. Matthew Wardin:
   a.  Unpaid wages: $2,551.34
   b.  §109 Penalties: $7,654.02
   c.  Total: $10,205.36 (plus pre- and post-judgment interest)

31. Michael Ruse:
   a.  Unpaid wages: $1,991.20
   b.  §109 Penalties: $5,973.60
   c.  Total: $7,964.80 (plus pre- and post-judgment interest)

32. Parker Robinson:
   a.  Unpaid wages: $2,060.75
   b.  §109 Penalties: $6,182.25
   c.  Total: $8,243.00 (plus pre- and post-judgment interest)

33. Robert Finley:
   a.  Unpaid wages: $5,950.12
   b.  §109 Penalties: $17,850.36
   c.  Total: $23,800.48 (plus pre- and post-judgment interest)

34. Roderick Knudsvig:
   a.  Unpaid wages: $1,660.24
   b.  §109 Penalties: $4,980.72
   c.  Total: $6,640.96 (plus pre- and post-judgment interest)

35. Rosendo Santa Cruz:
   a.  Unpaid wages: $702.46
   b.  §109 Penalties: $3,000.00
   c.  Total: $2,809.84 (plus pre- and post-judgment interest)

36. Ruben Castellanos:
   a.  Unpaid wages: $1,773.31
   b.  §109 Penalties: $5,319.93
   c.  Total: $7,093.24 (plus pre- and post-judgment interest)

37. Salvador Casique:
   a.  Unpaid wages: $2,924.17
   b.  §109 Penalties: $8,772.51

    c.  Total: $11,696.68 (plus pre- and post-judgment interest)

38. Shane Starr:
    a.  Unpaid wages: $3,489.95
    b.  §109 Penalties: $10,469.85
    c.  Total: $13,959.80 (plus pre- and post-judgment interest)

39. Shawn Lineham:
    a.  Unpaid wages: $4,573.71
    b.  §109 Penalties: $13,721.13
    c.  Total: $18,294.84 (plus pre- and post-judgment interest)

40. Shawn Richardson:
    a.  Unpaid wages: $7,012.77
    b.  §109 Penalties: $21,038.31
    c.  Total: $28,051.08 (plus pre- and post-judgment interest)

41. Shiann Goldstein:
    a.  Unpaid wages: $1,904.57
    b.  §109 Penalties: $5,713.71
    c.  Total: $7,618.28 (plus pre- and post-judgment interest)

42. Stewart French:
    a.  Unpaid wages: $6,922.26
    b.  §109 Penalties: $20,766.78
    c.  Total: $27,689.04 (plus pre- and post-judgment interest)

43. Theodore Woodard:
    a.  Unpaid wages: $17,828.00
    b.  §109 Penalties: $53,484.00
    c.  Total: $71,312.00 (plus pre- and post-judgment interest)

44. Toshiro Yoshida:
    a.  Unpaid wages: $1,928.59
    b.  §109 Penalties: $5,785.77
    c.  Total: $7,714.36 (plus pre- and post-judgment interest)

45. Tracey Filsinger:
    a.  Unpaid wages: $1,329.23
    b.  §109 Penalties: $3,987.69
    c.  Total: $5,316.92 (plus pre- and post-judgment interest)

46. William Hess:
    a.  Unpaid wages: $2,875.45
    b.  §109 Penalties: $8,626.35

   c.  Total: $11,501.80 (plus pre- and post-judgment interest)

47. Youness Oudbalkass:
   a.  Unpaid wages: $2,302.73
   b.  §109 Penalties: $6,908.19
   c.  Total: $9,210.92 (plus pre- and post-judgment interest)

It is further **RECOMMENDED** that Plaintiffs be granted leave to file a motion for reasonable attorney's fees and costs.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated at Denver, Colorado this 24th Day of October 2025

N. Reid Neureiter
United States Magistrate Judge