UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:24-cv-00232-CNS-NRN

ADRIAN CONEJO, CHRISTOPHER ASHMORE, JASON MACK,
MIGUEL ACOSTA, JEFFREY MARTIN, DAVID KELSCH-HAGHIRI,
REBECCA HAMPTON, RACHEL CALDWELL, ALFONSO BARAJAS,
ANGEL LOUGH, COLE TIMIAN, MARQUIVAS AVEREY CRAWFORD,
CODY PITTSER, AND DANIEL GARZA,
in their individual capacities and on behalf of others similarly situated,

    Plaintiffs,

v.

NICHOLAS ("NIC") MALWITZ, an individual,

    Defendant.

___

*[Proposed]*
**DEFAULT JUDGMENT**

___

THIS MATTER comes before the Court pursuant to Plaintiffs' limited Objections (Dkt. 71) to the Magistrate Judge's October 24, 2025 Recommendation (Dkt. 70) regarding Plaintiffs' Motion for Default Judgment and Supporting Documents at Dkts. 45 and 65. The issue before the Court is whether Plaintiffs can recover damages for their theft claims in addition to damages for their back pay, FLSA liquidated damages, and statutory penalties pursuant to C.R.S. § 8-4-109. For the following reasons, the Court modifies the Recommendation and awards the Plaintiffs these additional damages.

It is well settled that a plaintiff proving wage underpayments can recover both liquidated damages under the FLSA and statutory penalties under the Colorado Wage Claim Acts. *Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498 (10th Cir. 2015).

However, there is a split of authority in this district as to whether plaintiffs may recover additional damages for conversion/theft of services premised on the same underpayments. See *Miller v. Dirty Pit Craft House LLC*, No. 23-CV-00183-GPG-SBP, 2024 WL 4110792, at *3–4 (D. Colo. Mar. 24, 2024) (awarding the damages in addition to FLSA liquidated damages and C.R.S. § 8-4-109 statutory damages) *cf. Gomez v. Timberline Custom Builders, LLC*, No. 23-CV-01510-RMR, 2025 WL 2613741, at *5 (D. Colo. Sept. 10, 2025) and *Kimes v. Alshawy*, No. 23-CV-00082-RMR-MDB, 2024 WL 2864147, at *6 (D. Colo. May 20, 2024), report and recommendation adopted, No. 23-CV-00082-RMR-MDB, 2024 WL 3341013 (D. Colo. June 7, 2024) (declining to award conversion damages in addition to FLSA liquidated damages and state statutory damages).

While those damages may not be available in all cases alleging wage underpayments, in this case the Plaintiffs (and Class members) should be awarded these damages as well.

**I.   DAMAGES FOR THEFT ARE APPROPRIATE**

Plaintiffs do not contend that they should be entitled to receive double recovery for the same wrongdoing; they contend that the actions constituting theft as contemplated by the relevant statutes and COMPS are different from the standards set forth in the Colorado Wage Acts and FLSA for their respective damages.

As stated by Magistrate Judge Braswell in *Kimes*:

> …in Colorado, a plaintiff may not receive double compensation for the same wrongdoing. *MSC Safety Sols., LLC v. Trivent Safety Consulting, LLC*, 2022 WL 474701, *5 (D. Colo. 2022). If two claims "arise from the same operative facts, and seek identical relief, an award of damages under both theories will constitute double recovery." *J.M. v. Hilldale Independent School Dist.*, 397 Fed. Appx. 445, 460 (10th Cir. 2010)

2

As to the availability of FLSA liquidated damages, CWA statutory damages, and CRS § 8-4-401 et seq damages, sometimes only one is available, sometimes two are available, and sometimes all three are available, depending on the circumstances. Each has separate standards and aims, and should be analyzed separately.

### A. FLSA Liquidated Damages

FLSA liquidated damages are compensatory to the Plaintiff in nature. *Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1202 (10th Cir.2004) (They "are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA.") The focus is on making the employee whole in a simple way by assessing time-again damages, as opposed to going through an arduous process of determine exactly how the employee's wage underpayment caused them compensable harm.

"Any employer who violates the provisions of…section 207…shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation…and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *Francisco v. Susano*, No. 10-cv-00332-CMA-MEH (D. Colo. Sep. 10, 2013). It is rare for these compensatory liquidated damages not to be assessed where a violation of the FLSA has been found to have occurred. In order to avoid being assessed liquidated damages, the employer would have to show that it both acted in good faith and had reasonable (based on an "objective" standard) grounds for believing its act or omission was not a violation of the FLSA. 29 U.S.C. § 260; *Reyes v. Snowcap Creamery, Inc.*, No. 11-cv-02755-JLK-KMT (D. Colo. Mar. 20, 2014).

### B. C.R.S. § 8-4-109 Statutory Penalties

By contrast, C.R.S. § 8-4-109 statutory damages are focused more on the employer's failures, rather than the harms incurred by the employee. *Evans*, 632 F. App'x at 499. Pursuant to the language of that statute, the employer has a chance to make things right with the employee, but if it fails to do so, then it owes penalties. More specifically, the statute puts the burden on the employee to issue a written demand to the employer for the underpaid wages. C.R.S. § 8-4-109. (Without this prerequisite, no penalties attach.) Then, the employer has 14 days to pay. *Id.* If it does not do so, there is an "automatic penalty" added, of two times the amount owed in wages. *Id.* There is no requirement that the employee show any level of intentionality on the employer's part.

Then the burden shifts back to the employee for a potential increase in the penalty, which does involve the employer's mindset. If the employee can show that the employer acted "willfully," the penalty increases from two times to three times the amount of the unpaid wages. *Id.* "Willfulness" under the wage laws is consistently defined as requiring that the employer "knew or should have known" (or knew or showed "reckless disregard") about the requirements of the law, and nonetheless did not pay the employee correctly. *Mumby v. Pure Energy Servs. (USA), Inc.,* 636 F.3d 1266, 1270 (10th Cir. 2011), <u>citing</u> *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, (1988). "Reckless disregard can be shown through action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Mumby* at 1270. Stated another way, while willfulness <u>can</u> be shown by showing the employer knew of the law's requirements, it can also be shown where the employer didn't even know what the law required out of "reckless disregard" for its mandates.

4

Notably, "willfulness" does not require malice or ill intent toward the employee. Under the "knew or should have known" standard, an employer can be negligently willful in regard to its wage payment obligations and still have acted "willfully"; it need not have been intentionally, much less maliciously, willful in regard to its obligations in order to meet the standard.

While there is nuance involved in the analysis for each aspect of the damages, it is not uncommon for such distinctions to be made. For example, in the FLSA context, the willfulness standard (which the Plaintiff has the burden to show in order to increase the statute of limitations period from two to three years, 29 U.S.C. § 255) is distinguished from the "good faith basis" standard (which the Defendant has the burden to show as an affirmative defense in order to avoid paying liquidated damages, as described above). *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999) (setting forth distinct standards for the good faith affirmative defense and willfulness). While there is often overlap in the facts used to support these standards, the two are analytically distinct because they address different ends.

### C. Theft Damages

Sometimes, aside from whether they acted "willfully" or not, employers act intentionally and deceitfully in regard to its obligations to pay their employees in regard to wage underpayments. In other words, in some circumstances, employers act with the requisite *mens rea* in relation to the underpayments to actually constitute theft, as that word is defined by law.

The relevant standard set forth in statute, as part of the Colorado Wage Claim Act (C.R.S. § 8-4-101 *et seq*) is as follows:

5

> ***In addition to any other penalty imposed by this article*** 4, any employer or agent of an employer who willfully refuses to pay wages or compensation as provided in this article 4, or falsely denies the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, herself, or another person any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is due, commits theft as defined in section 18-4-401.

CRS § 8-4-114(2) (emphasis added). This provision expressly states that <u>in addition to</u> the penalties set forth in C.R.S. § 8-4-109, an employer also "commits theft" if that person both willfully underpays the person (*actus reus*) and, in essence, has the intent to oppress, delay, defraud or otherwise harm the victim of the wage theft (*mens rea*).

The statute the above references, C.R.S. § 18-4-401, in turn states as follows,

> (1) A person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value of another without authorization …, and:
> (a) Intends to deprive the other person permanently of the use or benefit of the thing of value; [or]
> (b) Knowingly uses, … the thing of value in such manner as to deprive the other person permanently of its use or benefit; [or]
> (c) Uses, … the thing of value intending that such use, … will deprive the other person permanently of its use or benefit;

C.R.S. § 18-4-405 then says that "All property obtained by theft, … shall be restored to the owner, …. The owner may maintain an action not only against the taker thereof but also against any person in whose possession he finds the property. In any such action, the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater, and may also recover costs of the action and reasonable attorney fees."

COMPS #38 § 8.4 elaborates on CRS § 8-4-114(2) by saying,

> It is theft under the Criminal Code (C.R.S. § 18-4-401) if an employer or agent: (A) willfully refuses to pay wages or compensation, or falsely denies the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, herself, or another person any discount upon such indebtedness or any

6

underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is due (C.R.S. § 8-4-114); or (B) intentionally pays or causes to be paid to any such employee a wage less than the minimum (C.R.S. § 8-6-116).

The combination of this guidance makes it clear that the intent is that, while some wage cases might only be subject to standard § 109 penalties where an underpayment has occurred, there are others which should also be subject to a different damages, where the right circumstances call for them.

The concept of theft of services is not limited to the employment context. For example, an individual was found guilty of theft of services where she utilized government medical services while knowing she was ineligible for them. *United States v. Lewis*, 938 F. Supp. 683, 687 (D. Colo. 1996). Theft of services does not require there to be an employment relationship at issue. The Model Penal Code defines Theft of Services as follows:

> A person is guilty of theft is he purposely obtains services which he knows are available only for compensation, by deception or threat, or by false token or other means to avoid payment for the service. "Services" includes labor, professional service, transportation, telephone or other public service, accommodation in hotels, restaurants or elsewhere, admission to exhibitions, use of vehicles or other movable property. Where compensation for service is ordinarily paid immediately upon the rendering of such service, as in the case of hotels and restaurants, refusal to pay or absconding without payment or offer to pay gives rise to a presumption that the service was obtained by deception as to intention to pay.

Model Penal Code § 223.7(1). Using this definition, the elements include that the perpetrator act "purposely" and by "deception or threat". These describe greater intentionality than mere "knew or should have known" willfulness.

Under Colorado case law, a claim for civil theft similarly requires proof that a person "knowingly obtains, retains, or exercises control over anything of value of another

Case No. 1:24-cv-00232-CNS-NRN   Document 73   filed 12/09/25   USDC Colorado
pg 8 of 18

without authorization or by threat or deception, and acts intentionally or knowingly in ways that deprive the other person of the property permanently." See *Van Rees v. Unleaded Software, Inc.*, 373 P.3d 603, 608 (Colo. 2016). Again, the concepts of "threat or deception" and intentionality feature in the description.

Here, Plaintiffs allege that Defendant deceived the employees into believing that if they continued working for the operation that they would in fact be paid their owed wages. [Dkt. 38, Second Amended Complaint, ¶ 53]. He knowingly false promises to them. As such, many of them continued to work for Steel Huggers rather than going out and finding other jobs, or seeking unemployment compensation. Defendant could have made the decision, once the company no longer had cash on hand, to let the employees go, knowing that he did not have the means with which to pay them. Instead he enticed them to keep working, so that he could use their labors. In fact, Defendant initiated bankruptcy proceedings on behalf of Steel Huggers and listed the Plaintiffs and Class Members as creditors, which manifests the clear intent that he intended for those debts to be forgiven without payment. As alleged, Defendant Malwitz stole the labors of dozens of construction laborers, valued at hundreds of thousands of dollars even by his own estimation.

In addition, on a more personal level, he expressly and overtly tried to deceive Plaintiff Conejo by falsely denying that he was owed the amount of wages he was claiming. [Dkt. 38, Second Amended Complaint, ¶ 54]. He did not pay them at all for stretches of time (which of course means that they were paid less than the minimum wage for those weeks, which the COMPS language expressly calls out as being an example of what it considers to be theft). These are just the kinds of actions the statutes seem to have in mind when they describe underpayments constituting theft.

WHEREFORE, the Court modifies the findings set forth in the Recommendation so as to grant Plaintiffs damages for theft in addition to the other categories set forth therein.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Plaintiffs have judgment against the Defendant as follows:

**Plaintiffs/Opt-ins**

1. Adrian Conejo
    a. Unpaid wages $3,965.93
    b. FLSA Liquidated damages $1,825.93
    c. §109 Penalties $11,897.79
    d. Theft damages $7,931.86
    e. Total $25,621.51 (plus post judgment interest)

2. Alfonso Barajas:
    a. Unpaid wages $9,446.10
    b. FLSA Liquidated damages $4,169.13
    c. §109 Penalties $28,338.30
    d. Theft damages $18,892.20
    e. Total $60,845.73 (plus post judgment interest)

3. Angel Lough:
    a. Unpaid wages $30,000
    b. FLSA Liquidated damages $8,700.00
    c. §109 Penalties $90,000.00
    d. Theft damages $60,000.00
    e. Total $188,700.00 (plus post judgment interest)

4. Christopher Ashmore
    a. Unpaid wages $4,958.93
    b. FLSA Liquidated damages $1,040.38
    c. §109 Penalties $14,876.79
    d. Theft damages $9,917.86
    e. Total $30,793.96

5. Cody Pittser:
    a. Unpaid wages $1,850.00
    b. FLSA Liquidated damages $1,015.00
    c. §109 Penalties $5,550.00
    d. Theft damages $3,700.00
    e. Total $12,115.00 (plus post judgment interest)

6. Cole Timian:
    a. Unpaid wages $10,235.34
    b. FLSA Liquidated damages $4,620.51
    c. §109 Penalties $30,705.34
    d. Theft damages $20,470.68
    e. Total $66,032.55 (plus post judgment interest)

7. Daniel Garza:
    a. Unpaid wages $5,000.00
    b. FLSA Liquidated damages $1,392.00
    c. §109 Penalties $15,000.00
    d. Theft damages $10,000
    e. Total $31,392.00 (plus post judgment interest)

8. David Kelsch-Haghiri:
    a. Unpaid wages $3,060.00
    b. FLSA Liquidated damages $1,305.00
    c. §109 Penalties $9,180.00
    d. Theft damages $6,120.00
    e. Total $19,665.00 (plus post judgment interest)

9. Jason Mack:
    a. Unpaid wages $2,400.00
    b. FLSA Liquidated damages $1,160.00
    c. §109 Penalties $7,200.00
    d. Theft damages $4,800.00
    e. Total $15,560.00 (plus post judgment interest)

10. Jeffery Martin:
    a. Unpaid wages $19,000.00
    b. FLSA Liquidated damages $1,450.00
    c. §109 Penalties $57,000.00
    d. Theft damages $38,000.00
    e. Total $115,450.00 (plus post judgment interest)

11. Marquivas Crawford-Gray:
    a. Unpaid wages $4,800.00
    b. FLSA Liquidated damages $1,860.00
    c. §109 Penalties $14,400.00
    d. Theft damages $9,600.00
    e. Total $30,660.00 (plus post judgment interest)

12. Miguel Acosta:
    a. Unpaid wages $2,800.00
    b. FLSA Liquidated damages $536.50
    c. §109 Penalties $8,400.00

    d. Theft damages $5,600.00
    e. Total $17,336.50 (plus post judgment interest)

13. Rachel Caldwell:
    a. Unpaid wages $4,000.00
    b. FLSA Liquidated damages $1,160.00
    c. §109 Penalties $12,000.00
    d. Theft damages $8,000.00
    e. Total $25,160.00 (plus post judgment interest)

14. Rebecca Hampton:
    a. Unpaid wages $8,653.86
    b. FLSA Liquidated damages $1,740.00
    c. §109 Penalties $25,961.58
    d. Theft damages $17,307.72
    e. Total $ 53,663.16 (plus post judgment interest)

**Class Members**

1. Aaron Snyder:
    a. Unpaid wages $4,395.08
    b. §109 Penalties $13,185.24
    c. Theft damages $8,790,16
    d. Total $26,370.48 (plus post judgment interest)

2. Adam Abdow:
    a. Unpaid wages $2,440.44
    b. §109 Penalties $7,321.32
    c. Theft damages $4,880.88
    d. Total $14,642.64 (plus post judgment interest)

3. Alex Ortecho:
    a. Unpaid wages $2,138.16
    b. §109 Penalties $6,414.48
    c. Theft damages $4,276.32
    d. Total $12,828.96 (plus post judgment interest)

4. Alexis Varela:
    a. Unpaid wages $3,516.19
    b. §109 Penalties $10,548.57
    c. Theft damages $7,032.38
    d. Total $21,097.14 (plus post judgment interest)

5. Alyssa Laufer:
    a. Unpaid wages $1,532.25
    b. §109 Penalties $4,596.75

       c. Theft damages $3,064.50
       d. Total $9,193.50 (plus post judgment interest)

6. Arash Farahi:
       a. Unpaid wages $2,687.42
       b. §109 Penalties $8,062.26
       c. Theft damages 5,374.84
       d. Total $16,124.52 (plus post judgment interest)

7. Ashley Fox:
       a. Unpaid wages $2,357.68
       b. §109 Penalties $7,073.04
       c. Theft damages $4,715.36
       d. Total $14,146.08 (plus post judgment interest)

8. Cedric Shanley:
       a. Unpaid wages $1,662.67
       b. §109 Penalties $4,988.01
       c. Theft damages $3,325.34
       d. Total $9,976.02 (plus post judgment interest)

9. Darren Eurich:
       a. Unpaid wages $3,160.06
       b. §109 Penalties $9,480.18
       c. Theft damages $6,320.12
       d. Total $18,960.36 (plus post judgment interest)

10. David Lara:
       a. Unpaid wages $2,341.98
       b. §109 Penalties $2,341.98
       c. Theft damages $7,025.94
       d. Total $14,051.88 (plus post judgment interest)

11. David Stevens:
       a. Unpaid wages $3,113.02
       b. §109 Penalties $9,339.06
       c. Theft damages $6,226.04
       d. Total $18,678.12 (plus post judgment interest)

12. David Villarruel:
       a. Unpaid wages $2,101.58
       b. §109 Penalties $6,304.74
       c. Theft damages $4203.16
       d. Total $12,609.48 (plus post judgment interest)

13. Devin Vang:

Case No. 1:24-cv-00232-CNS-NRN   Document 73   filed 12/09/25   USDC Colorado
pg 13 of 18

    a. Unpaid wages $4,320.45
    b. §109 Penalties $12,961.35
    c. Theft damages $8,640.90
    d. Total $25,922.70 (plus post judgment interest)

14. Dylan Rauscher:
    a. Unpaid wages $1,744.89
    b. §109 Penalties $5,234.67
    c. Theft damages $3,489.78
    d. Total $10,469.34 (plus post judgment interest)

15. Eli Cromp:
    a. Unpaid wages $2,062.85
    b. §109 Penalties $6,188.55
    c. Theft damages $4,125.70
    d. Total $12,377.10 (plus post judgment interest)

16. Ellen Kelly:
    a. Unpaid wages $4,191.80
    b. §109 Penalties $12,575.40
    c. Theft damages $8,383.60
    d. Total $25,150.80 (plus post judgment interest)

17. Fredy Canil:
    a. Unpaid wages $1,473.92
    b. §109 Penalties $4,421.76
    c. Theft damages $2,947.84
    d. Total $8,843.52 (plus post judgment interest)

18. Gregory Blake:
    a. Unpaid wages $2,086.27
    b. §109 Penalties $6,258.81
    c. Theft damages $4,172.54
    d. Total $12,517.62 (plus post judgment interest)

19. Jeremiah Jaramillo:
    a. Unpaid wages $816.46
    b. §109 Penalties $2,449.38
    c. Theft damages $1,632.92
    d. Total $4,898.76 (plus post judgment interest)

20. Jessica Burchfield:
    a. Unpaid wages $1,001.10
    b. §109 Penalties $3,003.30
    c. Theft damages $2,002.20

   d. Total $6,006.60 (plus post judgment interest)

21. John Jones:
    a. Unpaid wages $2,015.13
    b. §109 Penalties $6,045.39
    c. Theft damages $4,030.26
    d. Total $12,090.78 (plus post judgment interest)

22. John Pharris:
    a. Unpaid wages $2,974.07
    b. §109 Penalties $8,922.21
    c. Theft damages $5,948.14
    d. Total $17,844.42 (plus post judgment interest)

23. Jonathan Morrison:
    a. Unpaid wages $2,483.61
    b. §109 Penalties $7,450.83
    c. Theft damages $4,967.22
    d. Total $14,901.66 (plus post judgment interest)

24. Joseph Leonardo:
    a. Unpaid wages $3,706.99
    b. §109 Penalties $11,120.97
    c. Theft damages $7,413.98
    d. Total $22,241.94 (plus post judgment interest)

25. Joshua Murray
    a. Unpaid wages $2,076.07
    b. §109 Penalties $6,228.21
    c. Theft damages $4,152.14
    d. Total $12,456.42 (Plus post judgment interest)

26. Juan Ortiz:
    a. Unpaid wages $3,813.02
    b. §109 Penalties $11,439.06
    c. Theft damages $7,626.04
    d. Total $22,878.12 (plus post judgment interest)

27. Juan Rubio:
    a. Unpaid wages $3,183.57
    b. §109 Penalties $9,550.71
    c. Theft damages $6,367.14
    d. Total $19,101.42 (plus post judgment interest)

28. Kacie English:
    a. Unpaid wages $1,363.46

      b. §109 Penalties $4,090.38
      c. Theft damages $2,726.92
      d. Total $8,180.76 (plus post judgment interest)

29. Kierian McFain-Garcia:
    a. Unpaid wages $581.14
    b. §109 Penalties $1,743.42
    c. Theft damages $1,162.28
    d. Total $3,486.84 (plus post judgment interest)

30. Matthew Wardin:
    a. Unpaid wages $2,551.34
    b. §109 Penalties $7,654.02
    c. Theft damages $5,102.68
    d. Total $15,308.04 (plus post judgment interest)

31. Michael Ruse:
    a. Unpaid wages $1,991.20
    b. §109 Penalties $5,973.60
    c. Theft damages $3,982.40
    d. Total $11,947.20 (plus post judgment interest)

32. Parker Robinson:
    a. Unpaid wages $2,060.75
    b. §109 Penalties $6,182.25
    c. Theft damages $4,121.50
    d. Total $12,364.50 (plus post judgment interest)

33. Robert Finley:
    a. Unpaid wages $5,950.12
    b. §109 Penalties $17,850.36
    c. Theft damages $11,900.24
    d. Total $35,700.72 (plus post judgment interest)

34. Roderick Knudsvig:
    a. Unpaid wages $1,660.24
    b. §109 Penalties $4,980.72
    c. Theft damages $3,320.48
    d. Total $9,961.44 (plus post judgment interest)

35. Rosendo Santa Cruz:
    a. Unpaid wages $702.46
    b. §109 Penalties $2,107.38
    c. Theft damages $1,404.92
    d. Total $4,214.76 (plus post judgment interest)

36. Ruben Castellanos:
    a. Unpaid wages $1,773.31
    b. §109 Penalties $5,319.93
    c. Theft damages $3,546.62
    d. Total $10,639.86 (plus post judgment interest)

37. Salvador Casique:
    a. Unpaid wages $2,924.17
    b. §109 Penalties $8,772.51
    c. Theft damages $5,848.34
    d. Total $17,545.02 (plus post judgment interest)

38. Shane Starr:
    a. Unpaid wages $3,489.95
    b. §109 Penalties $10,469.85
    c. Theft damages $6,979.90
    d. Total $20,939.70 (plus post judgment interest)

39. Shawn Lineham:
    a. Unpaid wages $4,573.71
    b. §109 Penalties $13,721.13
    c. Theft damages $9,147.42
    d. Total $27,442.26 (plus post judgment interest)

40. Shawn Richardson:
    a. Unpaid wages $7,012.77
    b. §109 Penalties $21,038.31
    c. Theft damages $14,025.54
    d. Total $42,076.62 (plus post judgment interest)

41. Shiann Goldstein:
    a. Unpaid wages $1,904.57
    b. §109 Penalties $5,713.71
    c. Theft damages $3,809.14
    d. Total $11,427.42 (plus post judgment interest)

42. Stewart French:
    a. Unpaid wages $6,922.26
    b. §109 Penalties $20,766.78
    c. Theft damages $13,844.52
    d. Total $41,533.56 (plus post judgment interest)

43. Theodore Woodard:
    a. Unpaid wages $17,828.00
    b. §109 Penalties $53,484.00
    c. Theft damages $35,656.00

    d. Total $106,968.00 (plus post judgment interest)

44. Toshiro Yoshida:
    a. Unpaid wages $1,928.59
    b. §109 Penalties $5,785.77
    c. Theft damages $3,857.18
    d. Total $11,571.54 (plus post judgment interest)

45. Tracey Filsinger:
    a. Unpaid wages $1,329.23
    b. §109 Penalties $3,987.69
    c. Theft damages $2,658.46
    d. Total $7,975.38 (plus post judgment interest)

46. William Hess:
    a. Unpaid wages $2,875.45
    b. §109 Penalties $8,626.35
    c. Theft damages $5,750.90
    d. Total $17,252.70 (plus post judgment interest)

47. Youness Oudbalkass:
    a. Unpaid wages $2,302.73
    b. §109 Penalties $6,908.19
    c. Theft damages $4,605.46
    d. Total $13,816.38 (plus post judgment interest)

(1) Plaintiffs (combined)

| | |
|---|---|
| Unpaid Wages | $110,170.16 |
| § 109 Basic | $220,340.32 |
| § 109 Willful | $110,170.16 |
| FLSA Liq | $ 31,974.45 |
| Theft | $220,340.32 |
| TOTAL | $692,995.41 |

(2) Rest of the class (combined)

| | |
|---|---|
| Unpaid Wages | $ 141,122.18 |
| § 109 Basic | $ 282,244.36 |
| § 109 Willful | $ 141,122.18 |
| Theft | $ 282,244.36 |
| TOTAL | $ 846,733.08 |

(3) Prejudgment interest under Colorado Law (at a rate of 8%, compounded annually, to the date of the Order on this motion);

(4) Post-judgment interest (at a daily rate as determined by the Clerk of the Court) until Defendants comply with the judgment;

(5) Attorneys' fees and costs under the FLSA and CWA (in an amount to be determined upon Plaintiff's counsels' further submission); and

(6) _____

_____

SO ORDERED.

Dated: _____

_____
Hon. Charlotte N. Sweeney
United States District Judge