IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 24-cv-00232-CNS-NRN

ADRIAN CONEJO, CHRISTOPHER ASHMORE, JASON MACK, MIGUEL ACOSTA, JEFFREY MARTIN, DAVID KELSCH-HAGHIRI, REBECCA HAMPTON, RACHEL CALDWELL, ALFONSO BARAJAS, ANGEL LOUGH, COLE TIMIAN, MARQUIVAS CRAWFORD, CODY PITTSER, AND DANIAL GARZA,
in their individual capacities and on behalf of others similarly situated

      Plaintiffs,

v.

NICHOLAS ("Nic"), an individual

      Defendant.

---

**ORDER**

---

Before the Court is United States Magistrate Judge N. Reid Neureiter's Report and Recommendation to grant in part and deny in part Plaintiffs' Motion for Default Judgment. *See* ECF No. 45 (Motion for Default Judgment); ECF No. 70 (Recommendation). Plaintiffs raised a limited objection to the Recommendation regarding the denial of damages on Plaintiffs' conversion/theft of services claim (the theft or theft of services claim). *See* ECF No. 71 (Plaintiffs' Limited Objection to Report and Recommendation). For the reasons set forth below, the Court AFFIRMS and ADOPTS Magistrate Judge Neureiter's Recommendation, ECF No. 70, to the extent the Recommendation recommends granting the default judgment motion as to Plaintiffs' "FLSA and state law wage claims," *id.* at 14. The Court REVERSES the Recommendation to the extent it recommends denying the

1

default judgment motion as to Plaintiffs' request for damages based on their theft claim. *See id.* Thus, the Court GRANTS Plaintiffs' request to recover additional damages for the theft of services claim. *See*, *e.g.,* ECF No. 45 at 11; ECF No. 71 at 1.

## I. BACKGROUND[1]

Plaintiffs worked for Defendant's metal fabrication and construction company, Steel Huggers LLC. *See* ECF No. 38 ¶ 1. Beginning in late 2023, Plaintiffs experienced problems receiving their pay. *Id*. ¶ 29. Plaintiffs' paychecks were late or would bounce, and as time progressed, Plaintiffs stopped receiving paychecks at all. *Id.*  Defendant is the sole owner of Steel Huggers and an additional "employer." *Id*. ¶ 1. Defendant was the individual who made financial decisions about the company, including which creditors to pay, how to manage cashflow, and payments made to employees. *Id*. ¶ 8. Steel Huggers LLC filed for bankruptcy on November 15, 2023; however, Defendant has not. *Id*. ¶ 1; ECF No. 45 at 4. During the bankruptcy proceedings, Defendant admitted to owing over $150,000, including taxes, spread among 77 employees for unpaid wages. *In re: Steel Huggers, LLC*, Case No. 23-15295 (Bankr. D. Colo. 2023), ECF No. 14 at 3.

On January 25, 2024, Plaintiffs filed this action against Defendant for the recovery of unpaid/underpaid wages and other damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, the Colorado Wage Claims Act (CWCA), C.R.S. § 8-4-101, and the Colorado Minimum Wage Act (CMWA), C.R.S. § 8-6-101, as implemented by the Colorado Overtime and Minimum Pay Standards Orders (COMPS). *See generally* ECF

---

[1] The background facts in this Order are drawn from Plaintiff's Second Amended Complaint. ECF No. 38. Due to the Clerk of Court's second entry of default against Defendant, *see* ECF No. 41, the Complaint's allegations are deemed admitted. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

No. 1. Plaintiffs also brought an additional state law claim for theft under C.R.S. § 18-4-401. *Id*. Defendant was served with the initial summons on March 7, 2024. ECF No. 9. A Clerk's Entry of Default was entered on April 12, 2024, against Defendant after he failed to respond to the complaint. ECF No. 21. On November 19, 2024, Plaintiffs filed a Second Amended Complaint (SAC). ECF No. 38. Plaintiffs asserted FLSA, CWCA, and theft of services claims in the SAC. *See generally id.* On December 8, 2024, a process server personally served the SAC on Defendant by handing it to his wife. ECF No. 39. Despite being served, Defendant never entered an appearance in this case. On January 7, 2025, a Second Clerk's Default was entered against Defendant. ECF No. 41.

On March 24, 2025, Plaintiffs filed the instant motion requesting that the Court issue an order entering a default judgment against Defendant requesting damages, attorney fees, and an award of both prejudgment and post judgment interest. *See* ECF No. 45 at 9–15. The Court referred the motion to Magistrate Judge Neureiter, ECF No. 46, who heard oral argument on September 11, 2025. ECF No. 67. On October 24, 2025, Magistrate Judge Neureiter issued his Recommendation that Plaintiff's motion for default judgment be granted as to Plaintiffs' FLSA and state law claims and be denied to the extent that Plaintiffs seek damages for theft and prejudgment interest for the thirteen named plaintiffs. ECF No. 70 at 14. Magistrate Judge Neureiter concluded that permitting damages for the theft claim and prejudgment interest would be duplicative of the statutory penalties already imposed under the CWCA and the FLSA. *Id.* at 9, 12.

3

## II. LEGAL STANDARD AND STANDARD OF REVIEW

### A.  Default Judgment

A court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott*, 327 F.3d at 1124 (citation omitted). "Strong policies favor resolution of disputes on their merits," and default judgment should be "available only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citation omitted).

When facing a motion for default judgment, a court must engage in a two-step inquiry. First, the Court must evaluate and establish its jurisdiction. *See, e.g.*, *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). To enter default judgment, a court must have both subject-matter jurisdiction over the action and personal jurisdiction over each defaulting defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Second, the Court must evaluate whether the plaintiff's pleadings support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citation omitted). When ruling on a motion for default judgment, courts accept all well-pleaded factual allegations in the complaint as true. *Olcott*, 372 F.3d at 1125. Undisputed facts within the affidavits or exhibits are also deemed true. *Id.* at 1124.

4

Allegations regarding the amount of damages, however, are deemed true only to the extent they are "capable of mathematical calculation." *Marcus Food Co. v. Dipanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011); *see also Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Where the amount claimed is not "a liquidated sum or one capable of mathematical calculation," a court is required to hold an evidentiary hearing to determine the amount of damages. *Venable v. Haislip*, 621 F.2d 297, 300 (10th Cir. 1983); *see Marcus Food*, 671 F3d at 1171–72 (determining that the damages asserted in the complaint were sufficiently calculable so as not to require an evidentiary hearing).

### B. Magistrate Judge Objections

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

5

### III. ANALYSIS

Having considered the entire case file and relevant legal authority, the Court affirms and adopts in part United States Magistrate Judge Neureiter's Report and Recommendation on Plaintiffs' Motion for Default Judgment and grants Plaintiff's Motion for Default Judgment. The Court affirms and adopts the Recommendation to the extent it recommends granting Plaintiffs' default judgment motion as to Plaintiffs' FLSA and state law wage claims. But the Court reverses the Recommendation to the extent it recommends denying the default judgment motion as to Plaintiffs' request for damages based on their theft claim.

### A. Jurisdiction

As noted above, to enter default judgment, a court must have both subject matter jurisdiction over the action and personal jurisdiction over each defaulting defendant. *See Williams*, 802 F.2d at 1203. The Court considers these jurisdictional prerequisites below, concluding that both are satisfied.

### 1. Subject Matter Jurisdiction

Plaintiffs assert, and the magistrate judge found, that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. ECF No. 45 at 4.  The Court agrees. A court has subject matter jurisdiction over an action when there is either a federal question at issue or diversity between the parties. *See* 28 U.S.C §§ 1331 and 1332. 28 U.S.C. § 1331 provides, in pertinent part, that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff brings a claim under the Fair Labor Standards Act, 29 U.S.C § 201 *et. seq.*

ECF No. 45 at 4; ECF No. 38 at 9. Accordingly, Plaintiff's claim arises under federal law, and thus subject matter jurisdiction exists under 28 U.S.C. § 1331. Additionally, the Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

### 2. Personal Jurisdiction

Plaintiffs assert, and the magistrate judge found, that the Court has personal jurisdiction over Defendant. ECF No. 45 at 4. A plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). However, "the plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997). Accepting the well-pleaded facts in the SAC as true, the Court finds that it has general and personal jurisdiction over Defendant, who is domiciled in Colorado. *See, e.g., Access 4 All Inc. v. W 4 K, Inc.*, No. 22–cv–01236–RM–STV, 2023 WL 7003409, at *1 (D. Colo. Oct. 24, 2023). In addition, Plaintiffs properly served Defendant via personal service, and Defendant's company, Steel Huggers, LLC, is based in Colorado. ECF No. 38 ¶ 4; *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("Effectuation of service is a precondition to suit."); *Okla. Radio Assocs v. Fed Deposit Ins. Co.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Without proper service, the Court lacks personal jurisdiction over a defendant.").

### B. Default Judgment

Having established jurisdiction over the matter and Defendant, the Court must next decide "whether the unchallenged facts constitute a legitimate cause of action," such that

judgment should be entered. *Bixler*, 596 F.3d at 762 (citations omitted). If judgment by default enters, the Court must also ascertain the amount of damages to which Plaintiffs are entitled. *See Eighth District Electrical Pension Fund v. Teter Industries, Inc.*, No. 1:22–cv–02521–CNS, 2023 WL 3819339, at *5 (D Colo. June 5, 2023). Here, Plaintiffs' objection to Magistrate Judge Neureiter's Recommendation is limited in scope. Specifically, Plaintiffs challenge the denial of damages for Plaintiffs' theft of services claim. According to their Limited Objection, Plaintiffs "do not contend that they should be entitled to receive double recovery . . . they contend that the actions constituting theft are different from the standards set forth in the Colorado Wage Acts and FLSA for their respective damages." ECF No. 71 at 2. Plaintiffs ask the Court to consider FLSA liquidated damages, CWCA statutory damages, and theft damages as separate and distinct remedies that each serve different purposes. *Id*.

The Court begins its analysis by first discussing the relevant damages imposed by the FLSA, the CWCA, and Colorado law for theft. The Court will then address the issue of whether allowing a plaintiff to recover treble damages under both C.R.S. § 8-4-109 and C.R.S. § 8-4-114(2) constitutes a double recovery. As explained further below, it does not under the facts of this case.

### 1. FLSA Liquidated Damages

Under the FLSA, "Any employer who violates the provisions of . . . section 207 . . . . shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Plaintiffs contend that FLSA liquidated damages are compensatory.

ECF No. 71 at 3. The Court agrees that the purpose of liquidated damages under the FLSA is to make a plaintiff whole, rather than penalize an employer for its wrongdoing. *See Gray v. Knight Security and Patrol, Inc.*, 16–cv–03086–KLM, 2019 WL 10896966, at *3 (D. Colo. Feb. 15, 2019) ("Liquidated damages awarded under the FLSA are compensatory, rather than punitive." (citation modified)). Further, the Tenth Circuit has previously established that "[t]he purpose for the award of liquidated damages is the reality that the retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Renfro v. City of Emporia, Kan.*, 948 F.2d 1529, 1540 (10th Cir. 1991); *See also Jordan v. U.S. Postal Serv.*, 379 F.3d 1196, 1202 (10th Cir. 2004) (holding that liquidated damages under FLSA "are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." (citation modified)).

Accordingly, the Court agrees with Plaintiffs that FLSA liquidated damages are compensatory, and that they are entitled to such damages. The Court likewise agrees with the Recommendation that Plaintiffs are entitled to FLSA liquidated damages in the amount of unpaid/underpaid minimum wages calculated under the FLSA. *See* ECF No. 70 at 11.

### 2. CWCA Statutory Penalties

Under the CWCA, if an employer fails or refuses to pay wages, the employee may make a written demand for payment. C.R.S. § 8-4-109(3). If the employer fails to make payment after 14 days following the demand, the employer becomes liable for the unpaid

9

wages and an additional statutory penalty of two times the unpaid wages. *Id*. If the employee can show that the employer's failure or refusal to pay wages was willful, the automatic penalty increases to three times the amount of the unpaid wages. *Id*. Here, Plaintiffs argue, and Magistrate Judge Neureiter found, that liquidated damages under the FLSA and the statutory penalties imposed by the CWCA are analytically distinct. ECF No. 71 at 5. The Court agrees that liquidated damages imposed by the FLSA and statutory penalties under Colorado law are not duplicative because they serve different purposes. *Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 498 (10th Cir. 2015) (holding "FLSA liquidated damages are meant to compensate employees wrongfully unpaid their wages, but that the CWCA penalty is meant to punish employers that wrongly fail to pay their employees' earned wages."). Thus, Plaintiffs are appropriately awarded both FLSA liquidated damages and statutory penalties under the CWCA.

### 3. Theft Damages

Pursuant to C.R.S. § 18-4-401, "a person commits theft when he or she knowingly obtains, retains, or exercises control over anything of value without authorization or by threat or deception" and "intends to deprive the other person permanently of the use benefit of the thing of value[.]" C.R.S. § 18-4-401(1)(a). In any action for theft, "all property obtained by theft . . . shall be restored to the owner" and "the owner may recover two hundred dollars or three times the amount of actual damages sustained by him, whichever is greater." C.R.S. § 18-4-405.

Magistrate Judge Neureiter recommended finding that Defendant is liable for theft but concluded that Plaintiffs were not entitled to treble damages on the theft claim as

"Colorado law does not allow a plaintiff to receive double compensation for the same wrongdoing." ECF No. 70 at 9. Plaintiffs object to that portion of the Recommendation, arguing that they are entitled to recover treble damages for theft even though they also are properly awarded statutory penalties under the CWCA. *See, e.g.,* ECF No. 71 at 2.[2]

The interaction between the CWCA and Colorado's theft statute has been specifically addressed by the Colorado legislature. As expressly provided by the CWCA, "In addition to *any other penalty imposed by this article 4*"—meaning the Wage Claim Act—"any employer or agent of an employer who willfully refuses to pay wages or compensation as provided in this article 4 . . . with the intent to . . . delay or defraud the person to whom such indebtedness is due, commits theft as defined in section 18-4-401." C.R.S. § 8-4-114(2) (emphasis added). Through this provision the Colorado legislature made two things clear: (1) an employee has multiple claims for relief for an employer's failure to pay wages, and (2) an employer may be subject to multiple penalties in any action to recover wages.

It is well settled that "the first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case*." Robinson v. Shell Oil Co*, 519 U.S. 337, 340 (1997). Whether statutory language is ambiguous is determined by "reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id*. at 341 (citation modified).

---

[2] Indeed, FLSA liquidated damages serve a difference purpose than damages under the CWCA, *see, e.g.,* C.R.S. § 8-4-109(3), or Colorado's theft statute, C.R.S. § 18-4-401. In other words, there is no need to analyze whether treble damages for theft are duplicative of liquidated damages under the FLSA. *Compare, e.g., Jordan*, 379 F.3d at 1202, *with* C.R.S. § 18-4-405.

As noted above, the Colorado legislature intentionally and explicitly carved out multiple remedies for wage violations. *See* § 8-4-114(2) ("In addition to any other penalty imposed by this article 4 . . ."); *Rake v. Wade*, 508 U.S. 464, 471 (1993) ("To avoid denying effect to a part of a statute, we accord significance and effect to every word." (citation modified)). There is no ambiguity whatsoever. *See, e.g., Donovan v. FirstCredit, Inc.*, 983 F.3d 246, 253 (6th Cir. 2020) ("If the language of the statute is clear, the court applies the statute as written." (citation modified)). Through enactment of § 8-4-114(2), the legislature contemplated that an employee who was intentionally delayed or defrauded by the willful refusal to pay wages could bring both an action under the CWCA and a claim for theft under § 18-4-401. *See Nair v. Columbus State Cmty. Coll*., No. 2:02–cv–595, 2008 WL 483333, at *9 (S.D. Ohio Feb. 19, 2008) ("Congress 'unequivocally expresses' its intent by using unmistakably clear statutory language." (quoting *Dellmuth v. Muth*, 491 U.S. 223, 227-28 (1989)). The plain language of § 8-4-114(2) says as much—even directly citing "section 18-4-401." Moreover, the legislature specifically contemplated that *in addition to* any penalty imposed by the CWCA (i.e. statutory penalties), an employee could also be entitled to the penalties provided by the theft statute. Indeed, the use of the words "other penalty" must be read to give full meaning to the statute. *See, e.g., In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 569 (D.N.J. 2001) ("[A] court, when interpreting a statute, may not simply read words out of the statute." (citation modified)); *Rake*, 508 U.S. at 471. Any other reading, particularly one that concludes that the legislature specifically authorized multiple avenues for relief only to deny the remedies attached to those avenues, does not comport with the plain reading of the statute, which is a clear

12

expression of legislative intent to permit recovery under such avenues. *See, e.g., In re Nice Systems,* 135 F. Supp. 2d at 569; *Nair,* 2008 WL 483333, at *9.

A review of the purposes of the CWCA and the theft statute support this construction. Statutory damages under the CWCA are intended to penalize employers who fail to pay their employees lawful wages after receiving a written demand. *See* C.R.S. § 8-4-109. As its plain statutory language confirms, under the CWCA an employee need not demonstrate any level of fraud, deception, or intent of the employer for the statutory penalty of two times the wages to attach after the fourteen-day period has passed. Further, if the employee can demonstrate that the employer acted willfully in their nonpayment, three times the wages can be assessed as a penalty. *See id.* § 8-4-109(3)(b)(II).

The deceptive and intentional behavior required to support an award of treble damages for theft, however, requires a higher and more pervasive level of conduct than that required for "willfulness" under C.R.S. § 8-4-109. *See also Van Rees v. Unleaded Software, Inc.,* 373 P.3d 603, 608 (Colo. 2016). To recover treble damages for theft of services, an employee must demonstrate that an employer (1) willfully refused to pay the plaintiff *and* (2) possessed the intent to "annoy, harass, oppress, hinder, coerce, delay, or defraud" the plaintiff. C.R.S. § 8-4-114(2). Thus, as Plaintiffs correctly observe, not every violation of the CWCA will support the finding that treble damages are appropriate for a theft claim. *See* ECF No. 71 at 2. But importantly, in some cases, a willful failure to pay wages under the CWCA will also support a finding of liability and a treble damages award on a theft claim—if a plaintiff demonstrates that, consistent with § 8-4-114(2)'s

13

unambiguous language, an employer also had the intent to "annoy, harass, oppress, hinder, coerce, delay, or defraud" the plaintiff.

As noted by Plaintiffs in their Limited Objection, "Defendant could have made the decision, once the company no longer had cash on hand to let the employees go, knowing fully well that he did not have the means with which to pay them." ECF No. 71 at 8. Plaintiffs also contend, "on a more personal level, [Defendant] expressly and overtly tried to deceive Plaintiff Conejo by falsely denying he was owed the amount of wages he was claiming." *Id*. This direct knowledge about the underpayments, coupled with an intentional effort to *deceive* employees and *induce* them to continue to work, goes beyond a mere failure to pay wages. *See also* § 8-4-114(2). When an employer actively misleads employees into believing they will receive payment, knowing that its indebtedness makes payment impossible, that is a separate wrongdoing that cannot be equated to the mere failure to pay wages. *See id.*

As a direct consequence of Defendant's fraudulent conduct, Plaintiffs suffered a substantial emotional and financial injury, the exact kind of harm that C.R.S. § 8-4-114 seeks to punish and remedy. As alleged by Plaintiffs, if not for Defendant's dishonesty, Plaintiffs could have left the company and found other employment. ECF No. 71 at 8. But Defendant continued to inform Plaintiffs that they would be paid their owed wages, preventing them from seeking other employment opportunities under the false impression that their labor would eventually be compensated. ECF No. 71 at 8. The Court concludes Defendant's withholding of payments, even though also willful under C.R.S. § 8-4-109, is

14

a separate, intentional wrongdoing warranting an award of treble damages. *See also* § 8-4-114(2).

In reaching this conclusion, the Court is mindful that Colorado law also prohibits an award of damages for the exact same injury.  If two claims "arise from the *same operative facts*, and seek identical relief, an award of damages under both theories will constitute double recovery." *J.M. v. Hilldale Independent School Dist.*, 397 F. App'x 445, 460 (10th Cir. 2010) (citation modified). But in making this determination, the Court is obligated to focus on the nature of the injury alleged and facts giving rise to it. *See, e.g., id.*; *Livshee v. City of Woodward*, No. CIV–12–1411–D, 2013 WL 5942277, at *3 n.5 (W.D. Okla. Nov. 6, 2013).

Several courts in this jurisdiction have addressed the notion of double recovery in similar contexts with different results. In *Miller v. Dirty Pit Craft House, LLC*, No. 23–cv–00183–GPG–SBP, 2024 WL 4110792 (D. Colo. March 24, 2024), Judge Gallagher awarded statutory damages for a willful violation of the CWCA and treble damages for theft in a wage theft case. *Id.* at *4 However, in *Kimes v. Alshawy,* No. 23–cv–00082–RMR–MDB, 2024 WL 2864147 (D. Colo. May 20, 2024), *report and recommendation adopted*, No. 23–cv–00082–RMR–MDB, 2024 WL 3341013 (D. Colo. June 7, 2024), Magistrate Judge Braswell recommended—and Judge Rodriguez ultimately adopted such recommendation—that a plaintiff could not recover treble damages under both C.R.S. § 8-4-109(3) and C.R.S. § 8-4-114(2) because the plaintiff's theft claim and wage claims were based on the very same wrongdoing. *See id.* at *6. In *Kimes*, plaintiffs were employed by defendants as personal care workers for defendant's health care company.

*Id*. at \*1. The owners failed to pay their personal care workers for multiple pay periods and failed to meet the applicable minimum wage requirements. *Id*. In rejecting recovery under both statutes, Magistrate Judge Braswell reasoned that the theft of services claim stemmed from the *same injury* at the center of the other claims. *Id*. at \*5 ("Here, allowing recovery under Plaintiffs' [theft] claim for *the very same wrongdoing* that supports Plaintiff's wages claims, would contravene basic principles of fairness." (emphasis added)). *See also Gomez v. Timberline Custom Builders, LLC,* No. 23–cv–01510–RMR, 2025 WL 2613741, at \*5 (D. Colo. Sept. 10, 2025) (denying recovery of treble damages for plaintiffs' theft of services claim in addition to the statutory penalty under the CWCA, concluding "Colorado law does not allow a plaintiff to receive double compensation for the *same wrongdoing*" (citation modified)). Key to this conclusion, however, was the absence of any evidence that there were separate injuries relating to the withholding of payments. *Kimes*, 2024 WL 2864147, at \*6 ("[H]ere, there is no indication of separate injuries relating to the withholding of payments.").

Unlike the plaintiffs in *Kimes* and *Gomez*, who could not discern separate injuries stemming from their theft claims and their wage claims, Plaintiffs here have alleged that they suffered two separate injuries due to Defendant's failure to pay their earned wages: (1) the willful delay in payment after a demand was made and (2) the fraudulent conduct to induce the Plaintiffs to continue working and the resulting harm in delaying other employment in reliance on that fraud. ECF No. 45 at 10–11. Thus, *Kimes* and *Gomez* are materially distinguishable, and the Court disagrees with the magistrate judge's contrary conclusion. *Cf.* ECF No. 70 at 9.

Here, Plaintiffs have clearly articulated how penalties imposed under C.R.S. § 8-4-109 and C.R.S. § 8-4-114 are due to separate wrongful acts and separate injuries. *See also* § 8-4-405. The Court finds that allowing Plaintiffs to recover under both C.R.S. § 8-4-109 and C.R.S. § 8-4-114 does not constitute duplicative recovery because the language of the statutes confirms that the Colorado legislature intended to provide multiple penalties for wage theft under multiple theories of relief. *See, e.g., Nair*, 2008 WL 483333, at *9; *Donovan*, 983 F.3d at 253. Accordingly, the Court sustains Plaintiffs' limited objections as to the magistrate judge's determination regarding this recovery and reverses such determination. For the reasons set forth above, Plaintiffs have shown entitlement to the relief that they seek.

## IV. CONCLUSION

The Court concludes Plaintiffs are entitled to recover treble damages based on the theft claim in addition to triple lost wages as a statutory penalty under the CWCA. Explained above, the Court finds that recovery under both statutes does not constitute impermissible double compensation because the Plaintiffs suffered distinct injuries from different wrongdoings. Thus, and consistent with the above analysis, the Court ORDERS as follows:

1. The Court AFFIRMS and ADOPTS IN PART Magistrate Judge Neureiter's Recommendation, ECF No. 70. The Court REVERSES IN PART the Recommendation, and therefore GRANTS the Plaintiffs' Motion for Default Judgment, ECF No. 45.

17

2. Defendant is ORDERED to pay Plaintiffs and Class Members the amount of damages as set forth in the Magistrate Judge's Recommendation, *see* ECF No. 70 at 14–22;

3. Defendant is FURTHER ORDERED, consistent with the above analysis, to pay Plaintiffs and Class Members treble damages under C.R.S. § 18-4-405 in the combined, total amount of:

   a. $661,020.96 for Plaintiffs; and

   b. $921,247.08 for Class Members.

4. The Clerk of the Court is directed to enter final judgment in favor of Plaintiffs and against Defendant in the amount of $2,544,121.86

5. Plaintiffs are awarded post-judgment interest on the foregoing sums from the date judgment is entered at the rate set by the Clerk of the Court until Defendant complies with the judgment.

6. Plaintiffs are granted leave to file a motion for reasonable attorney's fees and costs incurred in connection with this litigation. An appropriate motion shall be filed within fourteen (14) days of this Order.

   DATED this 30th day of March 2026.

BY THE COURT:

_____

Charlotte N. Sweeney
United States District Judge

18